NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3303

ESTELLE GRAINGER,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

_____

DECIDED:  January 5, 2005

_____

Before NEWMAN, CLEVENGER, and GAJARSA, Circuit Judges.

PER CURIAM.

Estelle Grainger seeks judicial review of the decision of the Merit Systems Protection Board, Docket No. PH0752020351-I-1, affirming the agency's thirty-day suspension from August 5, 2002 through September 3, 2002.  We affirm.

BACKGROUND

Ms. Grainger was employed by the Social Security Administration as a Social Insurance Claims Examiner (Foreign Benefit Technical Examiner) at the agency headquarters in Woodlawn, Maryland. The events that led to the suspension are reported to have occurred between July 2001 and April 2002. During this period Ms. Grainger's supervisors became increasingly concerned about her allegedly eccentric and disruptive behavior; she was referred to the Employee Assistance Program, and in October 2001 she was placed on paid administrative leave for two weeks in order to obtain medical review of her psychological and physical condition. Her management reported a "noticeable improvement," and the agency's medical officer reviewed the medical documentation provided by her physician and concluded that Ms. Grainger "has a treatable medical condition that should not interfere with her performing her job satisfactorily." However, the record records further incidents of eccentric or disruptive behavior, and on June 26, 2002 the agency proposed to suspend Ms. Grainger for thirty days, charging her with inappropriate and disruptive behavior in the workplace, uncooperative behavior toward her supervisors, failure to follow instructions, and abuse and misuse of official materials. The administrative judge affirmed the suspension on December 10, 2002, and the full Board denied review. This appeal followed.

DISCUSSION

The Board's decision must be affirmed unless it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. §7703(c); see Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

Ms. Grainger argues that the penalty was disproportionately severe, and that the Board failed to take into account the "Douglas factors," as set forth in Douglas v. Veterans Administration, 5 M.S.P.R. 280, 305-06 (1981). However, the AJ reviewed these factors, and found the penalty of a thirty-day suspension to be reasonable in light of the events that occurred. We agree that the agency's action was reasonable in the circumstances that were shown to have existed, and discern no abuse of discretion or error of law in the action taken.

Ms. Grainger raises additional arguments on this appeal, stating that she was a whistleblower, that the Board failed to take into account various tort claims and other wrongs including discrimination, that she was not afforded a presumption of innocence, and that her constitutional rights were violated. These issues were not discussed by the Board, and do not appear to have been developed at the hearing before the administrative judge. See Bosley v. MSPB, 162 F.3d 665, 668 (Fed. Cir. 1998) ("A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court.") Ms. Grainger does not identify any protected disclosures as a whistleblower, 5 U.S.C. §2302 (b)(8)(A), which may have been a contributing factor in the suspension.

To the extent Ms. Grainger alleges a violation of constitutional due process, we discern none. Ms. Grainger was provided notice by the agency and an opportunity to respond, Stone v. Fed. Deposit Insurance Corp., 179 F.3d 1368, 1376 (Fed. Cir. 1999), and no irregularities have been shown in the Board's review of the agency's action.