NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3465

MARIA E. REYES-VANEGAS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: March 16, 2005

_____

Before NEWMAN, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

Petitioner Maria Reyes-Vanegas seeks review of a final decision by the Merit Systems Protection Board ("MSPB" or "board"), which affirmed a reconsideration decision of the Office of Personnel Management ("OPM") that denied her disability retirement benefits. See Reyes-Vanegas v. Office of Pers. Mgmt., SF844E030212-I-2 (M.S.P.B. Oct. 24, 2003). We affirm.

BACKGROUND

Reyes-Vanegas was an Investigator Support Assistant with the Equal Employment Opportunity Commission ("EEOC"). Her duties required her to answer telephone and in-person inquiries, to type, and to process files. According to Reyes-

Vanegas, she frequently had to lift large, heavy files from the floor to her desk and back down to the floor. She also states that her work required her to cradle a telephone receiver between her neck and her shoulder for long periods of time.

On August 17, 2000, Reyes-Vanegas stopped going to work at the EEOC. Although doctors cleared her multiple times to return to work with various restrictions on her activities and with ergonometric accommodations, Reyes-Vanegas, with the exception of two hours on May 21, 2001, failed to return to work from August 17, 2000 until March 3, 2003.

Reyes-Vanegas applied for disability retirement benefits on January 7, 2002. In her application, she stated that she could not perform the duties of her position at the EEOC due to chronic strains of the cervical, dorsal, and lumbar spines, neck strain, right shoulder strain, and a low back strain. On October 9, 2002, OPM issued an initial decision concluding that Reyes-Vanegas failed to qualify for disability benefits. After considering the medical documentation submitted by Reyes-Vanegas, OPM determined that she did not meet the eligibility criteria for allowance of a disability retirement.

On or about November 7, 2002, Reyes-Vanegas requested that OPM reconsider its initial decision.[1] In her request, Reyes-Vanegas asked for an additional forty-five days to send OPM additional information concerning her alleged disability. On December 2, 2002, OPM acknowledged the request and stated that OPM would "defer reviewing [Reyes-Vanegas's] application for 45 days from the date of this letter."

_____

[1] The request, while dated "10/7/02" by Reyes-Vanegas, most likely was signed on November 7, 2002. The initial decision was dated October 9, 2002, two days before the date on the request. Furthermore, both the initial decision and the request state that the request must be received by OPM within thirty days of the date of the initial decision, which would have been November 8.

04-3465                                    2

(emphasis added). Despite this statement, OPM affirmed its initial decision in a reconsideration decision on December 24, 2002, forty-seven days after the request for reconsideration but only twenty-two days after the acknowledgement. In the reconsideration decision, OPM reviewed additional medical records and again concluded that Reyes-Vanegas did not meet the criteria for disability retirement.

Reyes-Vanegas appealed the reconsideration decision to the MSPB. After she filed her appeal, EEOC terminated her employment. The EEOC stated in a Notice of Proposed Removal that the reason for the removal was that Reyes-Vanegas was "unable to perform the duties of" her position. An administrative judge affirmed the reconsideration decision in an initial decision on October 24, 2003. The administrative judge, citing Bruner v. Office of Personnel Management, 996 F.2d 290, 294 (Fed. Cir. 1993), acknowledged that the Notice of Proposed Removal constitutes prima facie evidence that Reyes-Vanegas was entitled to disability benefits. However, after reviewing additional evidence submitted by both parties, the administrative judge found that OPM presented sufficient evidence to rebut the prima facie evidence and that, ultimately, Reyes-Vanegas failed to establish entitlement to disability benefits by a preponderance of the evidence.

The decision of the administrative judge became final when the full board denied Reyes-Vanegas's petition for review on August 6, 2004. Reyes-Vanegas timely petitioned this court for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of decisions regarding disability benefits is limited. We lack authority to review the factual underpinnings of disability determinations. Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985). Instead, we ensure that there has not been "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" Id. (quoting Scroggins v. United States, 397 F.2d 295, 297 (1968)).

Reyes-Vanegas presents at least three arguments in her petition. First, she challenges the determination that she is not entitled to disability benefits by arguing that "overwhelming medical evidence" and the Notice of Proposed Removal "clearly indicated" her inability to perform the duties of her position at the EEOC. In this regard, she points to alleged "inaccuracies and omissions" in the administrative judge's opinion. As noted above, we lack the authority to review the factual underpinnings of disability determinations. Thus, to the extent that Reyes-Vanegas invites us to analyze the facts found by the administrative judge, either by weighing the evidence or by investigating whether the facts found by the administrative judge include inaccuracies or omissions, we decline the invitation. Furthermore, we note that the administrative judge's opinion evinces careful consideration of the evidence before the board.

Second, Reyes-Vanegas asserts that the administrative judge "failed to apply the correct standard," apparently because, according to Reyes-Vanegas, the burden of proof was on OPM to show that she is not disabled. We have authority to determine whether the administrative judge applied the correct burden of proof since the burden of proof is an important procedural right. Bruner, 996 F.2d at 292. However, on this point,

Reyes-Vanegas is legally mistaken. While "the government's action in separating an employee for disablement produces a presumption of disability that serves to shift to the government the burden of production," the applicant for disability benefits "retains the burden of persuasion." Id. at 294. Thus, the administrative judge was correct to require that Reyes-Vanegas meet the burden of proof after it found that OPM met its burden of production.

Third, Reyes-Vanegas argues that she was deprived of her due process rights under the United States Constitution since OPM affirmed its initial decision in a reconsideration decision less than the promised forty-five days after the date of the acknowledgment of her request for reconsideration.[2] The record indicates that, despite being represented by an attorney before the administrative judge, Reyes-Vanegas failed to present this argument to the administrative judge. Instead, she raised this issue for the first time in her petition to the full board. In this circumstance, the issue of whether Reyes-Vanegas was deprived of her due process rights has not been preserved for our review. See Bosley v. Merit Sys. Prot. Bd., 162 F.3d 665, 668 (Fed. Cir. 1998).

We have carefully considered other arguments presented by Reyes-Vanegas and conclude that they are unconvincing.

CONCLUSION

For the foregoing reasons, we affirm the decision of the MSPB.

---

[2] Reyes-Vanegas incorrectly cites to the Fourteenth Amendment, which applies to state governments. We understand her to mean the Fifth Amendment, which applies to the federal government, including OPM.