NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3374

ALEXANDER LOGRONO,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  April 8, 2005

_____

Before MAYER, LOURIE, and RADER, Circuit Judges.

RADER, Circuit Judge.

Alexander Logrono was a mail handler for the United States Postal Service (USPS) until his removal for violating a last-chance settlement agreement (LCSA).  In a final order, the Merit Systems Protection Board (Board) dismissed Mr. Logrono's appeal of his removal for lack of jurisdiction because Mr. Logrono waived his right to appeal in the LCSA.  Because Mr. Logrono materially breached the LCSA and waived his right to appeal to the Board, this court affirms.

I

Mr. Logrono is a preference-eligible Gulf War veteran who worked as a mail handler for USPS.  On approximately August 8, 2002, Mr. Logrono received a Notice of

Removal based on irregular attendance, unscheduled absences, and absence without official leave. Faced with removal, Mr. Logrono signed a LCSA on October 16, 2002.

A provision of the LCSA required Mr. Logrono to perform the following:

> Enroll and actively participate in the Employee Assistance Program (EAP), if recommended by EAP. His satisfactory participation in a recommended program by EAP is mandatory. Satisfactory participation is defined for the purposes of this Agreement as attending all scheduled meetings and any and all prescribed treatment(s), if required by EAP.

Mr. Logrono attended his first EAP appointment on November 15, 2002, where he met his assigned EAP counselor. Mr. Logrono missed his next scheduled meeting with the counselor because he disliked his assigned counselor and did not foresee any progress with that counselor. On December 13, 2002, nearly one month after his first EAP meeting, Mr. Logrono called the EAP and requested a new counselor. On December 26, 2002, Mr. Logrono's manager received a letter from Mr. Logrono's first EAP counselor stating that Mr. Logrono "has not followed EAP recommendations as evidenced by his having failed to keep in touch with EAP, has not responded to EAP's efforts to follow up with him, [and] has not been seen in this office since his first appointment on 15 November 2002."

On January 30, 2003, Mr. Logrono received a notice proposing to remove him from the USPS for violating the LCSA. Mr. Logrono and a union representative met with Mr. Logrono's manager on February 11, 2003, to discuss Mr. Logrono's failure to participate with EAP. During that meeting Mr. Logrono stated that EAP had not returned his phone call and that he had not been assigned to a new counselor. Mr. Logrono's manager gave Mr. Logrono one week to provide written documentation of his

phone call to EAP requesting a new counselor and to show that he was participating with EAP. Mr. Logrono did not provide the requested documentation.

Despite the EAP counselor's letter to Mr. Logrono's manager and Mr. Logrono's meeting on February 11, EAP assigned Mr. Logrono to a new counselor in February 2003. From that point forward Mr. Logrono had regular contact with his new EAP counselor and successfully participated in the treatments recommended to him by the new counselor. Mr. Logrono received a letter dated March 31, 2003, from his second EAP counselor congratulating him for the successful completion of his first phase of treatment.

Nonetheless, Mr. Logrono received a Notice of Removal dated March 13, 2003, effective March 21, 2003. The reason for removal was an alleged violation of the LCSA because Mr. Logrono did not actively participate with the EAP.

Mr. Logrono timely appealed his removal to the Board on April 4, 2003. In an Acknowledgment Order, Administrative Judge Anthony Ellison advised Mr. Logrono that the Board may not have jurisdiction to hear his appeal because the LCSA contained a waiver of his right to appeal his removal for violating the LCSA. Logrono v. United States Postal Serv., No. SF-0752-03-0344-I-1, slip op. at 2 (MSPB April 7, 2003). Specifically, the LSCA states that "[i]n the event [Mr. Logrono] violates the terms and conditions of this conditional Last-Chance Agreement, [Mr. Logrono] agrees to forego any appeal of the removal action including any forum including grievance/arbitration, and under the EEO complaints processing procedures." Administrative Judge Ellison explained that Mr. Logrono would only be granted a hearing if he "made an allegation supported by facts which, if proven, would establish either that [he] did not violate the

agreement, that the agency acted in bad faith, or that [he] did not voluntarily and freely enter into that agreement[,]" and ordered Mr. Logrono to submit such evidence to establish jurisdiction. Id. In response, Mr. Logrono argued that he did not violate the LCSA because he did not "refuse to participate and was attempting to participate fully" with the EAP. Mr. Logrono, however, did admit to missing the second scheduled meeting. Mr. Logrono did not attempt to explain his one-month delay before requesting a new counselor, nor his lack of contact with EAP between his phone call on December 13, 2002, and his meeting with his manager on February 11, 2003.

Administrative Judge Ellison issued an Initial Decision finding that Mr. Logrono did not present facts and argument sufficient to raise a non-frivolous factual issue as to whether Mr. Logrono had violated the LCSA. Logrono v. United States Postal Serv., No. SF-0752-03-0344-I-1, slip op. at 2 (MSPB July 14, 2003). Specifically, Administrative Judge Ellison found that Mr. Logrono's failure to attend EAP meetings or maintain contact with EAP between November 15, 2002, and his receipt of a Notice of Proposed Removal on January 30, 2003, constituted a violation of the LCSA. Id., slip op. at 3.* The Initial Decision became final when the Board denied Mr. Logrono's petition for review because the Board did not find new, previously unavailable evidence or that the administrative judge made an error in law or regulation. Logrono v. United States Postal Serv., No. SF-0752-03-0344-I-1 (MSPB May 18, 2004). Mr. Logrono now appeals to this court, which has jurisdiction pursuant to 5 U.S.C. § 7703(b)(1).

---

* Mr. Logrono did not dispute that he entered the LCSA voluntarily or that he understood the terms of the LCSA. Logrono v. United States Postal Serv., No. SF-0752-03-0344-I-1, slip op. at 3 n. 1 (MSPB July 14, 2003).

II

By statute, this court's review of a final decision from the Board is limited. A Board decision may not be set aside unless it is: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

Mr. Logrono argues that the Board's finding that he materially breached the LCSA is not supported by substantial evidence. Mr. Logrono asserts that "missing one EAP meeting" does not constitute a material breach of the LCSA. To the contrary, the question is not whether Mr. Logrono missed a certain number of EAP meetings, but whether Mr. Logrono "actively participated" in EAP as required by the LCSA. See Coleman v. United States Postal Serv., 71 M.S.P.R. 270, 277 (1996) (finding that the petitioner "actively participated" in the EAP despite missing three scheduled meetings because the petitioner maintained contact with the counselor by phone and attended other scheduled meetings). Mr. Logrono waited nearly a month before contacting EAP after his initial meeting. When Mr. Logrono did contact EAP, he merely asked to be assigned to a new counselor. Mr. Logrono made no other effort to actively participate in EAP between his initial meeting on November 15, 2002, and his assignment to a new counselor in February 2003. Only after he had been issued a Notice of Proposed Removal and met his manager about that notice did Mr. Logrono resume active participation with the EAP. Consequently, substantial evidence supports the Board's finding that Mr. Logrono violated the LCSA because he did not "actively participate" with

the EAP. That Mr. Logrono later resumed participation with the EAP does not cure his prior violation of the LCSA.

Mr. Logrono also argues that the LCSA is ambiguous and must be construed against the drafting agency, USPS, in addition to other attacks on the contract. Mr. Logrono did not raise any of these arguments before the administrative judge and therefore has waived these arguments on appeal. Bosley v. Merit Sys. Prot. Bd., 162 F.3d 665, 668 (Fed. Cir. 1998) ("A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court. Thus, if the party fails to raise an issue in the administrative proceeding or raises an issue for the first time in a petition for review by the full Board, this court will not consider the issue.")(citations omitted). Mr. Logrono relies on a misrepresentation of this court's holding in Bosley to assert that these arguments are not waived. In his reply brief, Mr. Logrono cites Bosley as standing for the proposition that "waiver of issues by an appellant in an MSPB case will be found only where 'the circumstances of the particular case show that the petitioner or respondent knowingly abandoned or waived claims or issues raised below.'" Reply Br. at 6 (quoting Bosley, 162 F.3d at 168). Mr. Logrono does not, however, acknowledge that the quotation taken from Bosely is discussing issues raised before the administrative judge but not before the full Board. See 162 F.3d at 668 ("[W]hen an appellant has raised an issue before an administrative judge but not in a petition for review to the full Board, the issue is preserved for review by this court unless the appellant has knowingly abandoned or waived the issue." (emphasis added)). Thus, Bosley does not stand for the proposition urged by Mr. Logrono.

Because the Board's finding that Mr. Logrono materially breached the LCSA and waived his right to appeal to the Board is supported by substantial evidence, this court affirms the Board's dismissal for lack of jurisdiction.