NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3049

TAROL G. PERRINE,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Tarol G. Perrine, of Jacksonville, Florida, pro se.

Anthony W. Moses, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3049

TAROL G. PERRINE,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board
in AT0432070421-C-2.

_____

DECIDED: March 23, 2009

_____

Before BRYSON, LINN, and MOORE, Circuit Judges.

PER CURIAM.

## DECISION

Tarol G. Perrine challenges the decision of the Merit Systems Protection Board denying his petition for enforcement of a settlement agreement with the Department of Veterans Affairs ("DVA"). We vacate and remand.

## BACKGROUND

Mr. Perrine worked as a Readjustment Counseling Therapist at a DVA facility in Jacksonville, Florida. On July 11, 2006, the DVA issued a notice of decision removing

him because of unacceptable job performance. Mr. Perrine's removal became effective on July 18, 2006.

Mr. Perrine filed an appeal with the Merit Systems Protection Board challenging his removal. Mr. Perrine and the DVA then entered into a settlement agreement in which Mr. Perrine agreed to withdraw his appeal and submit a signed letter indicating that he was resigning from his position for personal reasons. The DVA, in turn, agreed to "replace the removal action in [Mr. Perrine's] official personnel folder OPF with [his] signed resignation," and to "expunge [Mr. Perrine's] record 'OPF' of the removal action" within 30 days after the Board accepted the settlement agreement. The Board entered the agreement into the record and dismissed the case, while retaining jurisdiction to ensure compliance with the agreement.

On October 4, 2007, Mr. Perrine filed a petition for enforcement of the settlement agreement. He contended that the DVA had breached the agreement because he had applied for three positions with the agency but had not been selected for any of those positions. The Board denied the petition on the ground that the settlement agreement did not require the agency to select Mr. Perrine for another position and that the DVA therefore had not breached the terms of the agreement.

On April 29, 2008, Mr. Perrine filed another petition for enforcement in which he contended that the agency had breached the settlement agreement by failing to expunge the removal action from his OPF and replace it with documentation of his voluntary resignation. Mr. Perrine claimed that after the settlement agreement was executed, the agency sent him a copy of his OPF that contained references to the removal action and other documents associated with his removal. Mr. Perrine asserted

that he was not selected for positions with the DVA and the Department of the Navy because of the DVA's failure to comply with the terms of the settlement agreement relating to the expungement of his removal action.

The administrative judge assigned to Mr. Perrine's second enforcement action concluded that Mr. Perrine had not offered any evidence to support his claim that the DVA had failed to comply with the terms of the settlement agreement. To the contrary, the administrative judge ruled that the DVA had offered "convincing evidence" that it had expunged the removal action from Mr. Perrine's OPF and had replaced that action with documentation of his voluntary resignation. The administrative judge therefore issued a decision denying Mr. Perrine's petition for enforcement. After the full Board denied Mr. Perrine's petition for review, he filed a petition for review by this court.

## DISCUSSION

As evidence of its compliance with the settlement agreement, the DVA submitted to the administrative judge the affidavits of Janice Stamm, an employee with the DVA's Resource Management Service, and Ronald Katt, a DVA Human Resource Specialist. Ms. Stamm stated that Mr. Perrine had requested a copy of his OPF in July 2006, and that she mailed him a copy of his OPF no later than September 1, 2006. It was that OPF, according to the DVA, that contained documentation of Mr. Perrine's removal action. Accordingly, the agency argued, the OPF that Mr. Perrine received did not demonstrate the agency's failure to comply with the settlement agreement, because that OPF was provided to him nearly one year before the agency and Mr. Perrine had even executed the agreement on August 2, 2007.

Mr. Katt stated in his affidavit that within 30 days after the Board accepted the settlement agreement, he replaced the removal action in Mr. Perrine's OPF with a Notification of Personnel Action form ("SF-50") indicating that Mr. Perrine had resigned. In support of that contention, the agency submitted copies of the SF-50 showing Mr. Perrine's original removal action; the SF-50 documenting the cancellation of that removal; and the replacement SF-50 reflecting Mr. Perrine's resignation. Based on that evidence, the administrative judge concluded that the agency had faithfully executed the terms of the settlement agreement.

However, it is not clear from the record whether the SF-50s that the agency submitted to the administrative judge are in fact part of Mr. Perrine's OPF. The SF-50s documenting Mr. Perrine's original removal action and the cancellation of that removal by definition constitute evidence of Mr. Perrine's removal from his position with the DVA. Even the SF-50 documenting Mr. Perrine's resignation—which the agency offered as proof of its compliance with the settlement agreement—includes in the "Remarks" section the following notation: "CHANGE FROM REMOVAL TO RESIGNATION." Mr. Perrine argues that the explicit references to "removal" in the SF-50s violate the terms of the settlement agreement, which required the agency to "expunge [Mr. Perrine's] record 'OPF' of the removal action."

Agencies must strictly comply with a settlement agreement that obligates the agency to "rescind," "remove," or "expunge" documentation of an employee's removal from his personnel file. In Conant v. Office of Personnel Management, 255 F.3d 1371 (Fed. Cir. 2001), an employee who was removed from her position with the Internal Revenue Service entered into a settlement agreement with the IRS in which the agency

agreed to "rescind" the SF-50 reflecting that the employee had been removed. We stated:

> By agreeing to "rescind" the Removal SF-50, the IRS promised in effect to destroy it, erasing "removal" and all reasons for such a removal from [the appellant's] professional record with the agency. By agreeing to issue a new SF-50 in its place, the IRS promised that the only legal document recording the end of [the appellant's] employment with the agency would henceforth be the SF-50 stating she resigned for personal reasons.

Id. at 1376. We therefore concluded that the agency breached the settlement agreement when it submitted forms as part of the employee's disability retirement application that explicitly referred to her removal. Id.

In Musick v. Department of Energy, 339 F.3d 1365 (Fed. Cir. 2003), a settlement agreement between the Department of Energy and a former employee similarly required the agency to "remove [from his OPF] all documentation relating to and culminating in" the employee's removal. Although the agency alleged that it had properly removed all documents relating to the removal from the employee's OPF, the agency submitted as evidence an employment record that referred to a "REMOVAL," a "RESIGNATION," and a "CANCELLATION"—much like the SF-50s submitted by the agency in this case. We remanded for a factual determination as to whether the references to the removal had been retained in the employee's OPF in violation of the settlement agreement. Id. at 1370; see also Dougherty v. Dep't of Agric., 99 M.S.P.R. 161, 168-69 (2005) (remanding for a determination of whether employment records had been "cleaned" of any reference to the appellant's removal); Principe v U.S. Postal Serv., 100 M.S.P.R. 66, 70 (2005) (a settlement agreement in which agency agrees to rescind the employee's removal requires the agency to erase the term "removal" from the employee's personnel record); cf. Gizzarelli v. Dep't of the Army, 90 M.S.P.R. 269, 279

(2001) (settlement agreements calling for "expungement," "purging," or "removal" of documents impose a strict duty of compliance on the agency).

In this case, the SF-50s provided to the Board, which contain references to Mr. Perrine's "removal," appeared to conflict with the agency's obligation under the settlement agreement to expunge Mr. Perrine's OPF of the removal action. In light of those record materials, we directed the parties to address whether the SF-50s provided to the Board are part of Mr. Perrine's OPF and, if so, how those SF-50s demonstrate the agency's compliance with the settlement agreement.

The government responded with a declaration by Mr. Katt, the Human Resources Specialist who has maintained control over Mr. Perrine's OPF. Mr. Katt stated that the only SF-50 that is included in Mr. Perrine's OPF indicates that Mr. Perrine's personnel action is a "RESIGNATION." That SF-50, a copy of which the government provided to this court, does not contain the remark "CHANGE FROM REMOVAL TO RESIGNATION." According to Mr. Katt, the SF-50s referring to Mr. Perrine's removal that were submitted to the administrative judge were obtained from a separate file that the agency compiled in connection with its defense of the appeals that Mr. Perrine had initiated with the Board. See Turner v. Dep't of Homeland Sec., 102 M.S.P.R. 330, 334 (2006) (allowing agency to maintain a separate litigation file containing documents that were purged from the appellant's OPF). The government therefore contends that it is in compliance with the terms of the settlement agreement.

The government acknowledges, however, that the record before the Board contained a copy of the SF-50 reflecting Mr. Perrine's resignation that still referred to his removal (as well as the SF-50s documenting the original removal action and its

cancellation), and that to the extent the Board relied on the SF-50s that were provided as part of the record, the Board's decision would appear to conflict with the decisions in Conant, Musick, Dougherty, and Principe. The government has therefore suggested that we remand the case to the Board to enable the DVA to correct the record that was provided to the Board.

We agree that a remand is appropriate. The question whether Mr. Perrine's OPF complies with the terms of the settlement agreement is one that is best addressed by the Board in the first instance. We therefore vacate the Board's decision and remand the case for a factual determination as to whether the documents included in Mr. Perrine's OPF reflect his resignation effective July 18, 2006, and have been entirely expunged of any reference to his removal action as required by the terms of the settlement agreement. See Musick, 339 F.3d at 1370.

Mr. Perrine also alleges that the "Verification of Employment" provided to the Board by the agency was incomplete, and that his Electronic Official Personnel File may not have been expunged of all information relating to his removal. Those questions go to whether Mr. Perrine's OPF is in compliance with the settlement agreement, and are also best addressed by the Board on remand.

Mr. Perrine further asserts that the DVA acted in bad faith by placing him on leave without pay from July 2006 to October 2006, thereby precluding him from receiving unemployment compensation for three months. Because Mr. Perrine did not raise that argument before the administrative judge, we cannot address it for the first time on appeal. See Bosley v. Merit Sys. Prot. Bd., 162 F.3d 665, 668 (Fed. Cir. 1998).

Finally, Mr. Perrine argues that the Board incorrectly denied his petition for enforcement after changing the administrative judge assigned to his case, and that the administrative judge assigned to his case did not have sufficient time to consider his petition for enforcement. Whatever merit those arguments may have, they are rendered moot by our decision to vacate and remand the case for further proceedings.

Costs are awarded to Mr. Perrine.