NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TAROL G. PERRINE,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2010-3103

---

Petition for review of the Merit Systems Protection Board In case no. AT0432070421-M-1.

---

Decided: October 6, 2010

---

TAROL G. PERRINE, of Jacksonville, Florida, pro se.

ANTHONY W. MOSES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.

---

Before LOURIE, BRYSON, and DYK, *Circuit Judges.*

PER CURIAM.

## DECISION

Tarol G. Perrine petitions for review of a decision of the Merit Systems Protection Board denying his petition for enforcement of a settlement agreement with the Department of Veterans Affairs ("DVA"). We affirm.

## BACKGROUND

Mr. Perrine was employed by the DVA as a Readjustment Counseling Therapist until he was removed from his position in 2006 for poor performance. After Mr. Perrine appealed the removal action to the Merit Systems Protection Board, the parties resolved the appeal by entering into a settlement agreement. The agreement provided, in pertinent part, that the agency would expunge the removal action from Mr. Perrine's official personnel file and would provide him with a "neutral reference letter."

Following the execution of the agreement, Mr. Perrine objected that the agency had failed to expunge the removal action from his personnel file; he claimed that the file contained a series of forms reciting his removal, the settlement, and his resignation, contrary to the agreement of the parties that the references to his removal would be expunged. When his dispute reached this court, the agency recommended, in light of some uncertainties in the record, that the court remand the case to the Board so that the Board could make findings as to whether the agency had complied with the "expungement" requirement. This court remanded the case for that purpose.

*Perrine v. Dep't of Veterans Affairs*, 316 F. App'x 995 (Fed. Cir. 2009).

On remand, the agency submitted evidence to the administrative judge supporting its contention that it had complied with the expungement requirement. The administrative judge reviewed the evidence of compliance and concluded that the agency had expunged the references to Mr. Perrine's removal from his official personnel file, even though the agency retained a record of the proceedings in its litigation file for purposes of addressing any further dispute between the parties over the settlement agreement. The full Board denied Mr. Perrine's petition for review.

## DISCUSSION

Notwithstanding the findings of the administrative judge, Mr. Perrine renews his contention that the agency has not complied with the expungement requirements of the settlement agreement. We hold that the administrative judge's findings are supported by substantial evidence and that, in light of those findings, there is no legal support for Mr. Perrine's claim that the agency has failed to comply with its obligations under the agreement.

The DVA introduced evidence in the remand proceeding showing that the materials in Mr. Perrine's official personnel file did not contain any reference to his removal. Mr. Perrine failed to rebut that showing. Although he complains that the agency has retained records of his removal, it is well established, as we noted in our remand decision, that an agency in such a case is entitled to maintain a separate litigation file containing documents that were expunged from the appellant's official personnel file so that, for example, the agency can re-

spond to subsequent claims regarding its compliance with the settlement agreement. *See Turner v. Dep't of Homeland Sec.*, 102 M.S.P.R. 330, 334 (2006).

Mr. Perrine makes several additional claims in his petition, but he has failed to show that any of those claims entitle him to relief. First, he contends that the agency engaged in misconduct during his employment and that his removal was therefore improper. Any claims going to the legitimacy of the removal action, however, can no longer be raised in light of Mr. Perrine's withdrawal of his appeal and entry into the settlement agreement. He also contends that the DVA improperly retained his official personnel file for several years after his removal. That issue, however, was not part of the remand proceedings directed by this court. Moreover, it is not clear how that allegation relates to any purported breach of the DVA's obligations under the settlement agreement. Further, he points to evidence of what he contends is "judicial bias" on the part of the administrative judge. However, his complaint about comments assertedly made by the administrative judge during a telephone conversation with the parties does not give rise to an inference of bias that would justify granting further relief in this case. *See Bieber v. Dep't of the Army*, 287 F.3d 1358, 1362 (Fed. Cir. 2002) (citation omitted) (To warrant recusal or a new hearing on the basis of prejudice requires a showing that the administrative judge or the Board exhibited "a deep-seated favoritism or antagonism that would make fair judgment impossible. . . . [J]udicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge" unless they derive from an extra-administrative source.).

In sum, the DVA has made a comprehensive showing that it complied with its expungement obligations under the settlement agreement; Mr. Perrine has failed to rebut that showing; the Board has found in favor of the agency on that issue; and Mr. Perrine has failed to provide us with any reason not to sustain the decision of the Board on the single issue on which this case was remanded. We therefore uphold the decision of the Board denying the petition for enforcement.

**AFFIRMED**