**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 23**

Docket No. DE-1221-14-0041-W-1

**Jeffrey L. Hamley,**

**Appellant,**

**v.**

**Department of the Interior,**

**Agency.**

February 27, 2015

Jeffrey A. Dahl, Esquire, Albuquerque, New Mexico, for the appellant.

Joan D. Marsan, Esquire, Albuquerque, New Mexico, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal as moot.  For the reasons set forth below, we DENY the petition for review and AFFIRM the initial decision.

BACKGROUND

¶2      On November 25, 2012, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency retaliated against him for his whistleblowing activity.   Initial Appeal File (IAF), Tab 5 at 14, 20-40. Specifically, the appellant claimed that, as a result of his protected disclosures,

the agency: (1) temporarily assigned him to two consecutive 120-day details beginning on October 23, 2011; (2) gave him an incorrect 2011 performance appraisal; and (3) significantly changed his duties, responsibilities, or working conditions when the agency did not allow him to assume the duties of his position of record upon the expiration of the second 120-day detail on June 29, 2012. *Id.* at 26-27, 36-37. At the conclusion of OSC's investigation, the agency agreed to provide the appellant with corrective action by returning him to his position of record effective July 15, 2013, removing negative information from his 2011 performance appraisal, and reimbursing him for the attorney fees he incurred in connection with his OSC complaint. IAF, Tab 1 at 6, Tab 8 at 5.

¶3        Thereafter, the appellant filed the present IRA appeal. IAF, Tab 1. During the course of the proceedings below, the parties stipulated that the only issue for adjudication in the appeal was whether the appellant was entitled to an award of compensatory damages under section 107(b) of the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112–199, 126 Stat. 1465, 1469. IAF, Tab 11 at 1. The appellant conceded that, under *King v. Department of the Air Force*, 119 M.S.P.R. 663 (2013), he was not entitled to compensatory damages for conduct occurring prior to the effective date of the WPEA, which was December 27, 2012. IAF, Tab 13 at 4-5; *see* WPEA § 202, 126 Stat. at 1476 (codified at 5 U.S.C. § 1204 note). The appellant argued, however, that because the agency did not return him to his position of record until July 15, 2013, he was entitled to compensatory damages for the period of time after the effective date of the WPEA through the date he returned to his position of record—that is, from December 27, 2012, through July 15, 2013. IAF, Tab 13 at 5. He argued that the significant change in his duties beginning on June 30, 2012, was not a discrete act but rather a "continuing action" because he continued to perform those duties until July 15, 2013. *Id.* at 8.

¶4       The administrative judge issued an initial decision based on the written record dismissing the appeal as moot.[1] IAF, Tab 14, Initial Decision (ID) at 1. He found that each of the personnel actions enumerated in 5 U.S.C. § 2302(a)(2)(A) is a discrete act that occurs when the agency decides to take or fail to take the action and is immediately actionable. ID at 4-5. He additionally found that a personnel action regarding a significant change in duties occurs when the agency takes the act to change the duties and not on each day that the employee performs those new duties. ID at 5. The administrative judge therefore found, under *King*, that the appellant was not entitled to compensatory damages because the conduct and actions at issue in the appeal (i.e., the making of protected disclosures and the taking of personnel actions) preceded the WPEA's enactment and effective date. ID at 5-6. Consequently, the administrative judge found that the appellant had received all of the relief that he could have received if the matter had been adjudicated and he had prevailed. ID at 6-7. He therefore dismissed the appeal as moot. ID at 7.

¶5       The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition, PFR File, Tab 3, to which the appellant has replied, PFR File, Tab 4.

## ANALYSIS

¶6       On review, the appellant continues to argue that the significant change in his duties that began on June 30, 2012, was not a discrete act but rather "continuing conduct" because he continued to perform those duties until July 15, 2013. PFR File, Tab 1 at 7-10 (citing *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 115 (2002)). In advancing this argument, the appellant appears to argue that he is entitled to compensatory damages based on the

---

[1] Although the appellant initially requested a hearing, IAF, Tab 1 at 2, he later withdrew his request, IAF, Tab 11 at 1.

continuing violation doctrine of liability. For the following reasons, we find that the continuing violation doctrine is inapplicable in this context.

¶7 In *Morgan*, the Supreme Court held that discrete discriminatory or retaliatory acts are not actionable if an employee failed to timely file charges regarding such acts with the Equal Employment Opportunity Commission as required by Title VII of the Civil Rights Act of 1964 as amended (Title VII).[2] *Morgan*, 536 U.S. at 113-15. In so finding, the Court expressly rejected the view that related discrete acts occurring outside the statutory filing period could be deemed actionable if those discrete acts were part of a continuing violation. *Id.* at 114-15. For hostile work environment claims, however, the Court found that, as long as one of the acts comprising the claim occurred within the appropriate statute of limitations, all of the related acts comprising the claim could be actionable, even if those acts took place outside of the statutory time period. *Id.* at 115-17. The Court reasoned that hostile work environment claims are different from discrete acts because, by their nature, they involve repeated conduct, a single incident of which may not be actionable on its own. *Id.* at 115. Here, the appellant claims that he is entitled to compensatory damages because the significant change in his duties that occurred prior to the WPEA's enactment was not a discrete act but part of a continuing violation that extended through the date of the enactment. PFR File, Tab 1 at 7-10.

¶8 In the present appeal, however, there is no issue regarding a statute of limitations. Under the WPEA, unlike under Title VII, there is no deadline for an appellant to file an administrative complaint that is associated with the date of the alleged retaliatory act. *Compare* 5 U.S.C. § 1214(a) (setting forth the procedures for filing a complaint of whistleblower retaliation with OSC), *with* 29 C.F.R.

---

[2] The Court also recognized, however, that its ruling did not preclude the application of equitable doctrines that could toll or preclude application of the time limit in such cases. *Morgan*, 536 U.S. at 113.

5

§ 1614.105 (setting forth the procedures for filing an informal complaint under Title VII). Rather, the deadline to file before the Board attaches once OSC issues its closure letter, after which date the appellant has 65 days to file his appeal with the Board, or, if no closure letter was issued, any time after the expiration of 120 days after seeking corrective action from OSC. 5 U.S.C. § 1214(a)(3); 5 C.F.R. § 1209.5(a). Here, there is no dispute that the appellant timely filed his IRA appeal with the Board upon his receipt of OSC's closure letter. IAF, Tab 1 at 1, 9. Accordingly, the continuing violation doctrine is inapplicable in this appeal because the doctrine relates to a determination regarding the timeliness of a claim rather than the availability of damages associated with that claim, as the appellant appears to assert.[3] *See Morgan*, 536 U.S. at 119-20.

¶9      We note that the Lilly Ledbetter Fair Pay Act of 2009 (the Act), Pub. L. No. 111-2, 123 Stat. 5,[4] does not compel a different result. The Act does not contain any provisions relevant to an agency's liability, an appellant's rights, or the availability of damages under the Whistleblower Protection Act (WPA) or the WPEA. Nor do we find any provisions in the WPA or the WPEA that could be interpreted as contemplating a continuing violation theory of liability.

¶10      In any event, even if we were to recognize that the principles underlying the continuing violation theory of liability could be applied to expand the scope of damages under the WPEA as the appellant requests, he would not prevail on the

---

[3] As the Court noted, explicit limitations on damages available under Title VII, including compensatory damages, punitive damages, and back pay, are found elsewhere in the statute. *Morgan*, 536 U.S. at 119-20.

[4] The Act, which applies to all claims of discrimination in compensation under Title VII, the Age Discrimination in Employment Act of 1967, and Title I and Section 503 of the Americans with Disabilities Act of 1990 and Sections 501 and 504 of the Rehabilitation Act pending on or after the effective date of the Act (January 29, 2009), clarifies that a discriminatory compensation decision occurs each time compensation is paid pursuant to the discriminatory decision.

facts of this case. The administrative judge properly found that the significant change in the appellant's duties was a discrete act occurring on June 30, 2012, and the appellant has provided no basis to disturb this finding. ID at 5-6; *see* 5 U.S.C. § 2302(a)(2)(A)(iv), (xii); *see also Morgan*, 536 U.S. at 114. Significantly, the appellant has failed to allege that the agency took any retaliatory action against him after the effective date of the WPEA. Rather, he contends that his continued performance of the changed duties through the effective date of the WPEA should constitute a continuing violation to receive the protections of the WPEA. PFR File, Tab 1 at 7-10. His continued performance of the changed duties, however, is a consequence of the June 30, 2012 discrete act, and we find that these consequences do not constitute separate acts of reprisal or render the June 30, 2012 violation "continuing" under the WPEA. *See Bosley v. Merit Systems Protection Board*, 162 F.3d 665, 667 (Fed. Cir. 1998) (holding that the appellant could not bring a WPA claim under a continuing violation theory regarding the denial of his quality step increase that occurred prior to the enactment of the WPA even though he continued to suffer the effects of the denial with each paycheck).

¶11 Because the administrative judge properly found that the conduct and actions at issue in this appeal all took place before the effective date of the WPEA, an award of compensatory damages would have an impermissible retroactive effect. ID at 5-6; *see King*, 119 M.S.P.R. 663, ¶ 10. Accordingly, having received all of the relief that he could have received if the matter had been adjudicated and he had prevailed, we agree with the administrative judge's finding that the appeal is moot. ID at 6-7 (citing *Ryan v. Department of the Air Force*, 117 M.S.P.R. 362, ¶ 9 (2012)).

ORDER

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.