NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MILOS PUACA,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2014-3173

---

Petition for review of the Merit Systems Protection Board in No. CH-0432-12-0595-I-1.

---

Decided: June 8, 2015

---

MILOS PUACA, Chicago, IL, pro se.

MEEN GEU OH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before NEWMAN, LOURIE, and CHEN, *Circuit Judges.*

PER CURIAM

The Department of Veterans Affairs (VA) removed Milos Puaca (Mr. Puaca) from his position as a Veterans Service Representative with the Veterans Benefit Administration in Chicago, Illinois as a result of his failure to maintain a satisfactory performance quality rating. Mr. Puaca now appeals the decision of the Merit Systems Protection Board (Board) affirming his removal. We affirm.

## BACKGROUND

Mr. Puaca began his employment as a Veterans Service Representative (VSR) in September 2009. A VSR is tasked with obtaining information from Illinois veterans, widows, and dependents to substantiate claims for benefits. The VA requires its VSRs to maintain an 85% accuracy rate (performance quality rating). The VA calculates this performance quality rating by reviewing randomly selected actions completed by the VSR. After an error is identified, the VSR may rebut the error and, if successful, that error will be removed from the calculation. The VA then uses the number of errors to calculate the VSRs accuracy rate or "performance quality rating." Mindful of the learning curve for new VSRs, however, the VA does not impose this performance standard during a VSR's first year of employment. Consistent with this practice, Mr. Puaca was not subject to the 85% performance quality rating requirement until October 2010. In addition, the VA provided Mr. Puaca with extensive training.

After Mr. Puaca became subject to the performance standards, the VA recognized that Mr. Puaca was struggling to maintain adequate performance quality ratings. By March 2011, the VA placed Mr. Puaca on a 90-day performance improvement plan. After this 90-day period, Mr. Puaca's performance quality rating had improved from approximately 40% to nearly 92%. The VA informed him, however, that he needed to maintain an acceptable

performance quality rating for one year after the date he was placed on the performance improvement plan. Mr. Puaca was further informed that failure to maintain this performance quality rating could result in him being subject to removal from his position.

Despite additional training, a random sampling of the claims on which Mr. Puaca had worked revealed a performance quality rating below 85%. Mr. Puaca was given an opportunity to rebut the errors that the VA cited and was also notified that these errors could lead to his removal. Mr. Puaca failed to submit any such rebuttal. As a result, on April 16, 2012, the VA proposed Mr. Puaca's removal from his position for failing to meet a minimally acceptable performance quality rating. On June 3, 2012, Mr. Puaca was removed from his position.

Mr. Puaca timely appealed and, after a hearing, an Administrative Judge (AJ) affirmed the removal. Thereafter, Mr. Puaca petitioned for review of the AJ's decision by the Board. The Board denied the petition for review and affirmed the AJ's decision. Mr. Puaca then appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of a Board decision is limited. A decision of the Board must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Dickey v. Office of Personnel Mgmt.*, 419 F.3d 1336, 1339 (Fed. Cir. 2005). Under the substantial evidence standard, we will reverse the Board's decision only "if it is not supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Haebe v. Dep't of Justice*, 288 F.3d 1288, 1298 (Fed. Cir. 2002) (internal quotation marks omitted).

Mr. Puaca raises several factual arguments. None of these arguments, however, establish that the Board's decision is unsupported by substantial evidence.

Mr. Puaca first argues that the VA failed to show that he was removed pursuant to an OPM-approved performance standard, as required by 5 U.S.C. § 4304. The Board properly rejected this argument after the VA submitted a letter from OPM indicating OPM's approval of VA's performance appraisal system. In fact, Mr. Puaca even previously conceded this point. Mr. Puaca now argues, for the first time on appeal, that OPM's approval of the VA system expired in 1993. Because Mr. Puaca did not raise this argument before the Board, it is not properly before us. *See Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998) ("A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court."). Even if we could consider the argument, however, the document to which Mr. Puaca cites does not mention the VA or any revocation of OPM's approval of the VA's performance appraisal system.

Second, Mr. Puaca raises factual issues relating to the manner in which the VA evaluated his performance. Mr. Puaca asserts that the VA improperly selected the samples of his work to review. In addition, he contends that the VA denied him an opportunity to rebut the purported errors in his work. The Board rejected each of these assertions based on testimony presented by the VA. The Board first credited VA testimony indicating that it randomly selected the samples using a computerized tracking system. The Board also credited VA testimony that Mr. Puaca's superiors had informed him of the errors and advised him of his ability to submit rebuttals. *See King v. Dep't of Health & Human Servs.*, 133 F.3d 1450, 1453 (Fed. Cir. 1990) ("[A]n evaluation of witness credibility is within the discretion of the Board and . . . , in gen-

eral, such evaluations are virtually unreviewable on appeal." (internal quotation marks omitted)).

Third, Mr. Puaca argues that the VA provided insufficient training to facilitate improvement of his performance. The Board affirmed the AJ's rejection of this argument. Specifically, the AJ found that Mr. Puaca's successful completion of the performance improvement plan demonstrated that he was capable of satisfactory performance. The AJ also rejected this argument in light of credible testimony from Mr. Puaca's trainer that he received at least 272 hours of classroom training in his first year of employment and an additional ninety-eight hours of training in his second year.

Fourth, Mr. Puaca contends that the Board erred by failing to give proper weight to his medical conditions during the relevant timeframe. The Board reviewed the record and noted that Mr. Puaca never requested additional leave while he was recovering from these medical conditions. The Board also recognized that nothing in the record indicated that Mr. Puaca's medical condition affected his ability to satisfactorily perform his work duties.

Finally, Mr. Puaca argues that the tenth performance quality error that the VA identified was erroneously included in the calculation of his performance quality rating because it occurred after the expiration of the one-year period that began at the initiation of the performance improvement plan. Neither party disputes that, without this error, Mr. Puaca's performance quality rating would not have fallen below 85%. This argument, however, appears to be based on a misunderstanding of the record. The VA placed Mr. Puaca on the 90-day performance improvement plan on March 21, 2011. Therefore, the one-year period ended, at the earliest, on March 20, 2012. According to the record, the disputed tenth error occurred on March 19, 2012, not on March 21,

2012, as Mr. Puaca now contends.  Thus, the Board correctly determined that this error was properly included in the VA's calculation of Mr. Puaca's performance quality rating.

In light of the foregoing, the record demonstrates that the Board fully considered Mr. Puaca's arguments and that each of the Board's determinations is supported by substantial evidence.  We have considered Mr. Puaca's remaining arguments and find them without merit.

CONCLUSION

We find no basis on which to reverse the Board's conclusion and therefore affirm the Board's decision sustaining Mr. Puaca's removal.

**AFFIRMED**