**Earl L. JAMES, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

**Appeal No. 84–979.**

United States Court of Appeals, Federal Circuit.

Feb. 8, 1985.

Barry J. Rosenthal, Rockville, Md., for petitioner.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen, Alvin A. Schall, Dept. of Justice, Washington, D.C., for respondent.

ON PETITION FOR REHEARING

Before NIES, NEWMAN and BISSELL, Circuit Judges.

ORDER

The government has filed a petition for rehearing alleging that statements in the court's opinion, reported at 747 F.2d 1581 (Fed.Cir.1984), inaccurately describe the review process before the Merit Systems Protection Board (board) as a two-step procedure. In the opinion, the court rejected the government's argument that Mr. James was barred from raising certain issues on appeal because he had not asserted them in his petition for review before the board. The opinion reasoned that the pertinent regulation, 5 C.F.R. § 1201.115, provides only limited grounds for review and that litigants, thus, cannot raise all possible grounds for review in a petition for review. Under the government's theory, a litigant would have to either ignore the board's regulations or take a direct judicial appeal to preserve all issues raised before the presiding official. The court's principal concern is that procedures of the board and the court not create procedural traps for employees, many of whom do not have the benefit of legal counsel.

In a prior decision, *Lizut v. Department of the Army,* 717 F.2d 1391 (Fed.Cir.1983), the court refused to consider certain claims raised on appeal which had not been raised to the board either by separate petition or in the party's response. In the court's discussion of this case in *James,* the government perceives that the MSPB review process is described as a two-step procedure, the first step being the petition for the board to accept review, the second step being the substantive arguments submitted if, and when, review was granted.

The government is correct that the discussion in *James* contemplated that, when a petition for review is granted, the board could hear oral arguments, require the filing of briefs, and give the parties an opportunity, upon request, to supplement the original grounds stated in the petition for review or response. This discretionary procedure is, in fact, set forth in 5 C.F.R. § 1201.116. The court's assumption was based not only on this regulation, but also on its experience in reviewing prior cases where the board has done more than simply decide the issue stated in a petition for review. The government, however, has advised, by way of a declaration of the clerk of the MSPB, that "generally no additional pleadings [other than the petition for review and response of the other party] are accepted by the Board" and that the grant of review and the decision on the merits of the case are announced in a single Opinion and Order.

In view of this enlightenment, the court accepts that its understanding of the board's actual operating procedures was in error, in that 5 C.F.R. § 1201.116 is rarely available to a party. However, the need for protection of an employee's rights from a technical waiver appears all the more imperative in view of the board's one-step review procedure and the restriction of issues contained in 5 C.F.R. § 1201.115. Thus, we reaffirm that the petition for review does not limit the issues before this court. The issues or, as in *Lizut,* the claims, to be heard in a particular case before this court will be determined on the basis of whether the circumstances of the particular case show that the petitioner or respondent knowingly abandoned or waived claims or issues raised below. A

party will, of course, not generally be heard on any issues raised for the first time on appeal.

In *James,* upon denial of the petition for review, the unmodified decision of the presiding official became the final decision of the board and all issues raised before the presiding official were appealable. Nothing in the record reveals an affirmative abandonment or waiver of any issue.

In *Lizut,* the presiding official had dismissed two claims for lack of jurisdiction (one dealing with right to a promotion; the other dealing with the refusal of the agency to take steps to enable Lizut to secure early retirement). This court refused to address the dismissal of these claims and considered only the third claim (dealing with a removal action) with respect to which a petition for review had been filed by the government. Lizut, in response to the government's petition, *expressly* endorsed the presiding official's decision in all respects. A waiver was, thus, effected as to the other claims. Thus, as stated in the original *James* opinion, *Lizut* is clearly not applicable here.

Accordingly, IT IS ORDERED THAT:

The petition for rehearing is *denied.*