852 F.2d 1293
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ellis T. ZABOROWSKI, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent
 No. 87-3489.
 United States Court of Appeals, Federal Circuit.
 June 16, 1988.
 
 Before MARKEY, Chief Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board), 34 M.S.P.R. 299 (1987), ordering the Department of the Army (Army) to cancel Ellis T. Zaborowski's (Zaborowski's) suspension, to restore him to duty status between September 16, 1985 and December 22, 1985, and to award back pay and benefits for that period, but not ordering his reinstatement to his former position, is affirmed.
 
 OPINION
 
 2
 Zaborowski, through his legal counsel, appealed only the "suspension" issue, and expressly waived the issue of his demotion. Thus it was not error for the Board to "fail[] to order Zaborowski reinstated to his former warehouse worker position." See James v. Federal Energy Regulatory Comm'n, 755 F.2d 154, 155-56 (Fed.Cir.1985); Lizut v. Department of the Army, 717 F.2d 1391, 1395-96 (Fed.Cir.1983).
 
 
 3
 Under such circumstances, the Board gave Zaborowski the full remedy mandated by law. Zaborowski's acceptance of the I.D. checker position terminated the illegal suspension, thus the award of back pay and benefits placed him "as nearly as possible in the status quo ante." Kerr v. National Endowment for the Arts, 726 F.2d 730, 733 (Fed.Cir.1984).
 
 
 4
 We affirm on the basis of the board's opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).