**Thaddeus HARDY, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 95–3633.

United States Court of Appeals, Federal Circuit.

Feb. 5, 1996.

Thaddeus Hardy, Philadelphia, Pennsylvania, submitted pro se.

Janet E. Noble, United States Postal Service, Washington, D.C., submitted for respondent. Of counsel was David M. Cohen, Director, Department of Justice, Washington, D.C.

Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Mr. Thaddeus Hardy seeks review of the decision of the Merit Systems Protection Board, No. PH0752950061–I–1, dismissing his petition to reopen a prior appeal as untimely filed. We vacate the dismissal for untimeliness, and remand for determination of whether he has stated a claim on which relief can be granted and, if he has, determination of the merits of his claim.

## DISCUSSION

Mr. Hardy was a Motor Vehicle Operator with the Postal Service when he was removed from service in August 1994 for threatening a supervisor. As a preference eligible veteran, on September 27, 1994 he timely filed an appeal with the Board alleging, *inter alia*, that the removal constituted discrimination based on his physical and mental disability. While the appeal was pending Mr. Hardy and the Postal Service entered into a settlement agreement which provided that Mr. Hardy would apply for disability retirement or workers' compensation benefits, that his appeal would be dismissed without prejudice pending this procedure, and that if he "is awarded disability, he shall have no right to refile his petition to the Board." At the request of the parties, the administrative judge by Initial Decision entered the agreement into the record for enforcement purposes, and dismissed the appeal as settled. The Initial Decision, dated December 19, 1994, became final on January 23, 1995, for neither party sought review by the full Board.

On March 23, 1995 the Office of Workers' Compensation (OWCP) awarded Mr. Hardy disability compensation benefits. On April 13, 1995 Mr. Hardy wrote to the administrative judge and requested that his appeal be "reopened" in order "to address the issue of discrimination and to look at the settlement agreement in reference to OWCP." He did not file a new appeal, and he did not complain about the Initial Decision or seek to appeal that decision.

### A

■ Stating that the "petition" appeared to be "untimely filed," the Board through its Clerk sent Mr. Hardy an order to show cause, ordering him to present reasons for the "delay." Mr. Hardy in response stated that his application for OWCP benefits was approved on March 23, 1995, that he fulfilled his obligations under the settlement agreement, and that he was now seeking compensatory damages for the agency's discrimination and retaliation. The Board then dismissed his petition as "untimely filed," treating his letter as a petition for review by the full Board and measuring timeliness from the December 19, 1994 Initial Decision, for which the appeal period expired on January 23, 1995.

The Board did not discuss Mr. Hardy's request that his appeal be "reopened" because he had complied with the settlement terms, and simply stated that Mr. Hardy "has no right under the settlement agreement to refile his petition for appeal." The Board made no mention of the discrimination claim that Mr. Hardy stated was the basis of his request to reopen his appeal, or of his general inquiry concerning OWCP. Nor did the Board explain how it chose the date from which it measured timeliness, or the effect of the prior dismissal on the asserted discrimination claim. The Board dismissed the matter solely as a matter of untimely filing, measured from the date the settlement was entered into the MSPB record.

The Postal Service suggests in its brief to this court that the discrimination claim was subsumed in the settlement. We do not know if that is accurate, for the Board made no findings on this point, and we are directed to no support for this position in the record. The record shows, however, that Mr. Hardy had an EEO complaint pending before the settlement agreement was entered into, and there is no mention of inclusion or settlement or dismissal of that claim in the settlement agreement. Thus the Board's action, treating the issue as solely one of timeliness of an appeal from an Initial Decision to the full Board, was not responsive to the questions raised by the petitioner.

**B**

The Postal Service also states that Mr. Hardy can not now appeal his discharge, describing his letter as a "petition for review to the MSPB, requesting a hearing on the merits of his case." As we have discussed, that is not an accurate description of his letter. Mr. Hardy simply stated that he wishes now to litigate his discrimination claim, an issue that was not mentioned by the Board. Whether the issues now sought to be raised as "discrimination" were or were not included in the settlement requires interpretation of the agreement. However, Mr. Hardy has had no hearing on this issue.

Since the issue that Mr. Hardy now seeks to pursue depended, according to Mr. Hardy, on his compliance with the settlement terms, and there is no record showing resolution of his discrimination claim, it was incorrect to measure "timeliness" from an Initial Decision that did not mention the discrimination issue. We do not consider whether Mr. Hardy's view of his situation is correct, and we express no opinion on whether his discrimination claim was subsumed in the settlement. However, he was entitled to an answer to his inquiry, which was not stale or overdue or untimely. *See Spruill v. Merit Systems Protection Board,* 978 F.2d 679, 687 (Fed.Cir. 1992), *citing Montana–Dakota Utilities Co. v. Northwestern Public Service Co.,* 341 U.S. 246, 249, 71 S.Ct. 692, 694, 95 L.Ed. 912 (1951) (distinction between lack of jurisdiction and failure to state a claim on which relief can be granted).

**C**

The Postal Service in its brief states that even if Mr. Hardy were to litigate his discrimination claim and prevail on the merits, the fact that he is receiving OWCP benefits precludes him from collecting compensatory damages, citing 5 U.S.C. § 8108 *et seq.* This issue was not explored before the Board, and there is insufficient basis in the record for us to know whether, as a matter of law, Mr. Hardy's petition would indeed be fruitless. *See James v. Federal Energy Regulatory Commission,* 755 F.2d 154, 155–56 (Fed.Cir. 1985) (discussing when issues are deemed abandoned or waived).

**D**

 Mr. Hardy also seeks to attack the settlement agreement, stating that he was on medication and without a lawyer when he accepted it. The Board did not mention this aspect, and thus it is unknown whether Mr. Hardy can meet the heavy burden upon those who attack a settlement. *Asberry v. United States Postal Service,* 692 F.2d 1378, 1380 (Fed.Cir.1982). However, an attack on the bona fides of a settlement agreement, based on an assertion of mental incompetence, is not necessarily required to be made during the period between entry of the agreement into the record and the time to appeal from that entry.

We conclude that the Board erred in treating Mr. Hardy's request as simply an untimely appeal from the administrative judge's Initial Decision which entered the settlement agreement into the record. The dismissal is vacated, and the matter is remanded for determination of whether Mr. Hardy has stated a claim for relief and, if he has, for determination of the merits of his claim.

Costs to Mr. Hardy.

*VACATED AND REMANDED.*