John P. BOSLEY, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 98–3165.**

United States Court of Appeals, Federal Circuit.

Dec. 14, 1998.

Kathleen M. Sweeney, Kiefer & McGoff, of Indianapolis, Indiana, argued, for petitioner.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, argued, for respondent. With her on the brief were Mary L. Jennings, General Counsel, and Martha B. Schneider, Assistant General Counsel.

Before RICH, PLAGER, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

Petitioner John P. Bosley filed an independent right of action in the Merit Systems Protection Board alleging violations of the Whistleblower Protection Act of 1989 (WPA), Pub.L. No. 101–12, 103 Stat. 16 (1989). *See* 5 U.S.C. § 1221(a). The Board dismissed the action for lack of subject matter jurisdiction. We conclude that the Board correctly held that it lacked jurisdiction over the acts of alleged reprisal addressed in its opinion, but that other acts of alleged reprisal presented by Mr. Bosley but not addressed by the Board may support jurisdiction. We therefore affirm the Board's order in part, vacate the order in part, and remand the case to the Board for further proceedings.

I

Mr. Bosley is an employee of the U.S. Customs Service. In January 1988, he received a certificate of award for undercover work he had performed. The certificate bore a stamp containing the words "High Quality Pay Increase." Following the award, however, Mr. Bosley did not receive a salary increase, and in July 1988 he filed a grievance with the Customs Service asserting that he should have been granted a quality step increase in his salary. He was told that he had not received a pay increase because he had not received an "outstanding" evaluation; under applicable regulations a quality step increase could be granted only if the employee received an outstanding evaluation in the pertinent rating period.

In 1996 Mr. Bosley filed a complaint with the Office of Special Counsel (OSC) in which he alleged that the denial of the quality step increase was in retaliation for disclosures he had made regarding a supervisory Customs official in 1987. In addition, Mr. Bosley stated that his supervisors had retaliated against him by threatening him with dismissal and giving him long-term assignments away from his home office. In early 1997, the OSC notified Mr. Bosley that it had terminated its inquiry into his charges and that he could seek corrective action from the Merit Systems Protection Board. Mr. Bosley then filed an independent right of action with the Board, in which he claimed that he was de-

nied a pay increase because of his whistle-blowing.

Because the WPA did not become effective until July 1989, the administrative judge noted that the Board might not have jurisdiction over the case and issued a show cause order directing Mr. Bosley to address the jurisdictional issue. In response, Mr. Bosley argued that the denial of a pay increase in January 1988 affected every pay check he received after that time, and that the agency's retaliatory action should therefore be within the jurisdiction of the Board under the WPA. In addition, he argued that the Board had jurisdiction to award him back pay, and that other acts of reprisal, *i.e.,* threats of dismissal and assignments away from his home office, had occurred after the statute's effective date.

The administrative judge dismissed Mr. Bosley's appeal for lack of subject matter jurisdiction. In a brief opinion, the administrative judge rejected Mr. Bosley's claim that the denial of a quality step increase violated the WPA, but did not address Mr. Bosley's claims with regard to the other alleged retaliatory acts. Mr. Bosley petitioned for full Board review of the administrative judge's decision. In his petition, he focused on the denial of the quality step increase and did not mention the other alleged acts of reprisal. The full Board denied the petition for review.

## II

Under the WPA, the Board has jurisdiction to grant relief to employees who have suffered reprisals for making protected disclosures. *See* 5 U.S.C. § 1221(a); 5 U.S.C. § 2302(b)(8). The WPA, however, applies only to acts of reprisal that occurred after the statute became effective on July 9, 1989. *See* WPA, Pub.L. No. 101–12, § 11, 103 Stat. 16, 35 (1989) (effective 90 days after April 10, 1989, enactment); *Knollenberg v. Merit Sys. Protection Bd.,* 953 F.2d 623, 625 (Fed.Cir. 1992).

▪ Mr. Bosley does not argue that the decision to deny him a quality step increase occurred after the effective date of the WPA. Instead, he contends that each paycheck he received after July 9, 1989, constituted a new violation of the WPA, because each paycheck was smaller than it would have been had he received a quality step increase in January 1988.

That theory fails. The alleged act of reprisal that led to Mr. Bosley's injury was the act of denying him a quality step increase, an act that occurred in January 1988. To be sure, his regular salary checks were not increased thereafter. But that was a consequence of the denial of the quality step increase; each check did not constitute a separate act of reprisal.

Mr. Bosley argues that he has suffered a "continuing violation" of the WPA from 1988 to the present because the denial of a quality step increase in 1988 has had continuing effects on each of his paychecks since then. A "continuing violation" has been held to overcome statutory time bars when it would have been unreasonable to expect the plaintiff to sue at an early stage in a continuing course of conduct, such as when particular conduct would constitute, or be recognized as, a violation only in light of later events. *See Galloway v. General Motors Service Parts Operations,* 78 F.3d 1164, 1166–67 (7th Cir.1996). That was plainly not the case here. The denial of a pay increase to Mr. Bosley had monetary effects that continued into the future, just as any refusal to promote an employee or hire an applicant would have. Such consequences of an alleged violation, however, do not constitute separate violations or render the original violation continuing. *See Delaware State College v. Ricks,* 449 U.S. 250, 259, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Brown Park Estates–Fairfield Dev. Co. v. United States,* 127 F.3d 1449, 1456 (Fed.Cir.1997); *Dasgupta v. University of Wis. Bd. of Regents,* 121 F.3d 1138, 1140 (7th Cir.1997); *Lane v. United States,* 208 Ct.Cl. 955, 956 (1975). Mr. Bosley's "continuing violation" theory with respect to the denial of his quality step increase is therefore inapplicable on the facts of this case.

▪ In the alternative, Mr. Bosley contends that the Board has jurisdiction to award him a recovery under the Back Pay Act. That Act provides that when an unjusti-

fied or unwarranted personnel action is corrected on appeal to the Board, the employee is entitled to receive any pay that was denied to the employee by reason of the unlawful personnel action. *See* 5 U.S.C. § 5596(b). The Back Pay Act thus provides a remedy for unlawful personnel actions that are within the jurisdiction of the Board. But if the Board does not otherwise have jurisdiction over a particular personnel action, the Back Pay Act does not confer such jurisdiction on the Board. The Back Pay Act thus does not provide the Board with jurisdiction to adjudicate Mr. Bosley's claim regarding the denial of his quality step increase if that claim is not cognizable under the WPA.

■ Finally, Mr. Bosley argues that he suffered other acts of retaliation—threats of dismissal and assignments away from his home office—after the effective date of the WPA. He raised those allegations in his jurisdictional submission to the administrative judge. The government has admitted that the administrative judge's failure to consider those allegations in the initial decision was error. The government argues, however, that Mr. Bosley may not raise that claim of error in this court, because he did not raise it in his petition for review before the full Merit Systems Protection Board.

■ A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court. Thus, if the party fails to raise an issue in the administrative proceeding or raises an issue for the first time in a petition for review by the full Board, this court will not consider the issue. *See Thomas v. General Services Admin.,* 794 F.2d 661, 666 (Fed.Cir.1986); *Synan v. Merit Systems Protection Bd.,* 765 F.2d 1099, 1101 (Fed.Cir. 1985); *Meglio v. Merit Sys. Protection Bd.,* 758 F.2d 1576, 1577 (Fed.Cir.1984).

The government concedes that Mr. Bosley raised the issue of retaliatory threats and temporary assignments before the administrative judge. The government argues, however, that he forfeited his right to raise that issue before us when he failed to raise it in his petition for review before the full Board. Based on prior decisions of this court, we reject the government's argument.

In *James v. Federal Energy Regulatory Commission,* 755 F.2d 154 (Fed.Cir.1985), the court held that when an appellant has raised an issue before an administrative judge but not in a petition for review to the full Board, the issue is preserved for review by this court unless the appellant has knowingly abandoned or waived the issue. The court in the *James* case distinguished an earlier decision, *Lizut v. Department of the Army,* 717 F.2d 1391 (Fed.Cir.1983). In *Lizut,* the employee raised certain contentions before the administrative judge but did not pursue those contentions before the full Board when the agency petitioned for review of the administrative judge's decision. Rather, in response to the agency's petition for review, the employee stated that the presiding official had made "no erroneous interpretation of statute, regulation or prior case law with respect to the initial decision in this case." *Lizut,* 717 F.2d at 1395–96. Significantly, the *James* court characterized *Lizut* as a case in which the employee had knowingly abandoned or waived the claims in question. *See James,* 755 F.2d at 156. Because the employee in *James* had not affirmatively waived or abandoned the issue in question, but had raised the issue before the administrative judge and then had simply failed to renew it in his petition for review to the full Board, the court held that James was not barred from arguing the issue on appeal to this court. The court explained:

> The issues or, as in *Lizut,* the claims, to be heard in a particular case before this court will be determined on the basis of whether the circumstances of the particular case show that the petitioner or respondent knowingly abandoned or waived claims or issues raised below.

755 F.2d at 155. This court has continued to characterize the rule in *Lizut* as limited to cases in which the employee knowingly abandons or waives claims that were raised before the administrative judge. *See Holland v. Department of the Air Force,* 31 F.3d 1118, 1122 n. 7 (Fed.Cir.1994); *Connolly v. United States Dep't of Justice,* 766 F.2d 507, 510 n. 2 (Fed.Cir.1985); *see also Hays v. Postmaster Gen. of the United States,* 868 F.2d 328, 330 (9th Cir.1989).

More recently, in *Uske v. United States Postal Service,* 56 F.3d 1375 (Fed.Cir.1995), the administrative judge ruled that the employee's removal was improper, but rejected his whistleblower claim. The agency petitioned for review by the full Board, and the employee did not cross-petition or otherwise renew his whistleblower claim before the Board. The Board ruled in the agency's favor, and this court affirmed. On appeal, this court refused to consider the whistleblower claim that the employee had raised before the administrative judge but not before the full Board. *See Uske,* 56 F.3d at 1378. Although the *Uske* court did not state that the employee had knowingly abandoned or waived his whistleblower claim, the court did not purport to overrule or modify the rule in the *James* case, and we do not interpret *Uske*'s brief treatment of the issue as having that effect. Even if we regarded *Uske* as being in direct conflict with *James,* we would be obliged to follow *James* as the earlier of two conflicting panel decisions. *See Newell Cos. v. Kenney Mfg. Co.,* 864 F.2d 757, 765 (Fed.Cir.1988) ("Where there is a direct conflict [between decisions of this court], the precedential decision is the first.").

The government has not pointed to any circumstances suggesting that Mr. Bosley's failure to renew his claims regarding the threats of dismissal or the assignments away from his home office constituted a knowing waiver or abandonment of those issues. Nor, on the facts of this case, are we able to discern any basis for concluding that Mr. Bosley has abandoned those claims. We therefore reject the government's argument that Mr. Bosley is procedurally barred from raising those claims before this court.

■ In the alternative, the government argues that Mr. Bosley's claims with respect to the threats and reassignments are moot, because there is no meaningful relief that the Board can grant in response to those claims. Although the Board has the power to dismiss an appeal when it finds that there is no meaningful corrective action available, *see*

*Hoever v. Department of the Navy,* 70 M.S.P.R. 386, 388–89 (1996), it also has broad powers to effect a remedy when it finds that an appeal is justified, *see* 5 U.S.C. § 1221. Because the Board dismissed this case without any discussion of possible remedies, it is inappropriate for us to determine, in the first instance, that the Board's broad powers will be insufficient regardless of any showing Mr. Bosley may make as to the existence of a violation.

■ The government also contends that Mr. Bosley will not be able to show that he brought the allegations of additional reprisals before the Office of Special Counsel (OSC) before appealing to the Board. During oral argument, however, counsel for Mr. Bosley highlighted portions of Mr. Bosley's submission to the OSC that might be deemed sufficient to satisfy that burden. In any case, the administrative judge did not address this requirement of WPA jurisdiction in its show cause order. Where, as here, it is possible that the petitioner may be able to establish jurisdiction and the basis on which the government seeks to affirm the dismissal was not presented in the show cause order, the proper course is to vacate the dismissal. *See Burgess v. Merit Sys. Protection Bd.,* 758 F.2d 641, 643–44 (Fed.Cir.1985).

Accordingly, we affirm the Board's decision as to Mr. Bosley's claim that Customs violated his rights under the WPA by denying him a quality step increase in pay. We vacate the decision as to the allegations of additional reprisals, in the form of threats of dismissal and reassignment away from his home office, and we remand for further proceedings with respect to those allegations.

*AFFIRMED IN PART, VACATED IN PART, and REMANDED.*