**David J. MACIEJKA, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,
Respondent.**

No. 01–3383.

United States Court of Appeals,
Federal Circuit.

Feb. 8, 2002.

Before MAYER, Chief Judge, RADER and PROST, Circuit Judges.

PER CURIAM.

David J. Maciejka seeks review of the September 29, 2000, decision by the Merit Systems Protection Board, No. AT0752000636–I–1, affirming the United States Postal Service's termination of his employment for improper conduct. We *affirm.*

A board decision must be affirmed unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

■ Maciejka argues that the board's decision upholding his termination is unsupported by substantial evidence. Maciejka, a third class U.S. mail sorter, allegedly cut open a package and secreted its contents at his work area. The record contains testimony from an eyewitness of the incident, and corroborating evidence documented by the Postal Inspection Service after its investigation. Maciejka can only support his version of the incident with his own testimony. The board determined that the eyewitness's testimony was more credible than Maciejka's, and we are in no position to question this credibility determination.

■ Maciejka claims that the board failed to consider an unnamed witness's statement written eleven weeks after the incident, and his assertion that the U.S. Postal Service substituted a different package for the one at issue before the hearing. Because we may consider only those issues that were raised before the board, and Maciejka did not raise these issues until

this appeal, we may not consider them. *Bosley v. Merit Sys. Prot. Bd.,* 162 F.3d 665, 668 (Fed.Cir.1998).

Finally, Maciejka argues that case law does not support his termination. He distinguishes *Lavalley v. United States Postal Serv.,* 49 M.S.P.R. 129 (1991), which the board cited, from his situation because it concerned an employee's termination for opening and showing first class mail to other employees. The conclusion in *Lavalley,* however, applies here. Violating the sanctity of the U.S. mail constitutes improper conduct for which termination is reasonable. *Id.* at 132.