NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5153

STANLEY BAKER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  February 8, 2006
_____

Before MICHEL, Chief Judge, LOURIE and LINN, Circuit Judges.

PER CURIAM.

Stanley Baker appeals from the final decision of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction.  Baker v. United States, No. 05-577C (Ct. Cl. July 8, 2005) ("Decision").  We affirm.

According to the Claims Court, Mr. Baker's complaint and amended complaint contained, at most, four claims:  (1) a claim of fraud against a number of private and state defendants; (2) an Administrative Procedure Act claim against the U.S. Postal Service and the Veterans Administration; (3) a motion for review of a federal district court's decision; and (4) a claim of prejudice raised against certain state court judges. Decision, slip op. at 3.  In dismissing the complaint, the court recognized that its subject matter jurisdiction is statutorily limited to claims for money damages against the United

States. Id. at 4 (citing 35 U.S.C. § 1491(a)(1)(2000)). Because none of the claims that the court could discern from Mr. Baker's complaint was for money damages against the United States, it dismissed the case for lack of subject matter jurisdiction. Id.

On appeal, Mr. Baker does not dispute the Claims Court's characterization of the claims contained in his complaint, nor its grounds for dismissing those claims as beyond that court's statutorily-imposed subject matter jurisdiction. Instead, Mr. Baker appears to assert new claims and additional facts on appeal, such as a claim for sexual misconduct. We discern no error in the Claims Court's decision to dismiss the case for lack of subject matter jurisdiction. Moreover, it is well-settled that, as an appellate court, we will not normally hear any issue that is raised for the first time on appeal. See, e.g., James v. FERC, 755 F.2d 154, 155-56 (Fed. Cir. 1985). Thus, although we are sympathetic to Mr. Baker's status as a pro se appellant, we must affirm the Claims Court's decision.