NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARDIC JOHNSON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2021-2136

---

Petition for review of the Merit Systems Protection Board in No. AT-1221-20-0201-W-3.

---

Decided: September 26, 2022

---

MARDIC JOHNSON, Lawrenceville, GA, pro se.

STEPHEN FUNG, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before NEWMAN, STOLL, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Mardic Johnson appeals an administrative judge's decision to dismiss her appeal before the Merit Systems Protection Board. App. 1–9. For the reasons below, we *affirm-in-part* and *vacate-in-part* the administrative judge's decision and *remand* for further proceedings.

## I.    BACKGROUND

Ms. Johnson was employed as an education technician with the Centers for Disease Control University in Atlanta, Georgia, until she retired on June 30, 2019. App. 1–2. She served as a federal government employee for 34 years. Suppl. App. 16. Although this appeal dates to 2019, it is important to turn back the clock another decade to understand the relevant background.

In 2008, Ms. Johnson submitted two administrative complaints.[1] She first submitted a complaint with the Office of Special Counsel alleging "manipulation [of a] job announcement in order to provide advantage or preference in promotion to another employee." Suppl. App. 41. OSC closed Ms. Johnson's complaint the following year. Suppl. App. 56. Two months after filing her OSC complaint, Ms. Johnson filed a complaint with the Department of Health and Human Services alleging that she was the target of "discrimination on the basis of reprisal for prior protected EEO activity." EEOC Decision No. 0120092999, 2011 WL 2433190, at *1. HHS dismissed Ms. Johnson's complaint

---

[1]    Ms. Johnson and the administrative judge stated that Ms. Johnson filed her Office of Special Counsel complaint in 2007 and her Equal Employment Opportunity Commission complaint in 2009. *See* App. 1–2; Suppl. App. 41. She filed both complaints in 2008, however. *See* App. 132; EEOC Decision No. 0120092999, 2011 WL 2433190, at *1 (June 8, 2011). Throughout this opinion, we refer to each complaint as having been filed in 2008.

for failure to state a claim. *Id.* Ms. Johnson appealed to the EEOC, and the EEOC affirmed HHS's decision in 2011. *Id.* at *1, 3.

Later, in 2018, Ms. Johnson filed a grievance with the director of CDC University, Ron Lake, over her experience with a coworker, Tonya Freeman, whom Ms. Johnson alleges engaged in threatening and intimidating behavior. App. 142; Suppl. App. 57, 60. Mr. Lake did not reassign Ms. Johnson based on her grievance, and Ms. Johnson did not elevate her grievance to Mr. Lake's supervisor. App. 142–43; Suppl. App. 57.

Then, in August 2019, following her retirement, Ms. Johnson filed a new complaint with OSC claiming that she was the victim of retaliation and other mistreatment. Suppl. App. 27–36. Two months later, OSC informed Ms. Johnson that it was closing her complaint and that she had a right to file an individual right of action ("IRA") appeal with the Board. Suppl. App. 23–26.

Ms. Johnson exercised that right. Suppl. App. 15–22. She completed MSPB Form 185 and answered question 18 to indicate that she was filing an IRA appeal. Suppl. App. 15, 18. She wrote "no choice but to retire" next to the words "involuntary retirement" on the preceding page. Suppl. App. 17. Ms. Johnson indicated that she identified "the most recent incidents" and chose to do so after retiring because of "fear of continued mistreatment/retaliation." Suppl. App. 36. She also stated that she retired because of "stressful conditions at the CDC." *Id.*

Ms. Johnson alleges that she had the following negative experiences: (1) the CDC canceled her health insurance during a furlough in 2018, Suppl. App. 34; (2) Ms. Freeman subjected her to allegedly threatening and hostile behavior, Suppl. App. 46–47, 53, 57–58; (3) Mr. Lake denied Ms. Johnson's request to be reassigned after Ms. Freeman's alleged behavior, Suppl. App. 60; (4) the CDC incorrectly told Ms. Johnson that she did not qualify for a

new position within the CDC, which further interfered with her preparation for the job interview, Suppl. App. 32–33; (5) Ms. Johnson discovered that a decision related to her previous appeal to the EEOC could be found on Google,[2] Suppl. App. 35, 67; (6) Ms. Johnson was instructed to manage Microsoft desktop courses that were previously managed at the GS-11 level despite her being a GS-7 graded employee, Suppl. App. 35; (7) Ms. Johnson's department underwent restructuring so that certain courses that she used to manage would only be managed by GS-9, GS-11, and GS-12 graded employees, Suppl. App. 36; (8) Ms. Johnson suffered from computer problems, which she believes were the result of tampering, for three months, Suppl. App. 43; and (9) human resources personnel gave her incorrect guidance on how to submit her retirement paperwork, resulting in her not receiving her pension for several months, Suppl. App. 43–44, 125–26.

Soon after Ms. Johnson filed her appeal, the administrative judge issued two orders: one directing Ms. Johnson to provide evidence of Board jurisdiction over her IRA appeal and another directing Ms. Johnson to provide evidence of Board jurisdiction over her "involuntary retirement" claim. App. 44–57. Ms. Johnson filed two responses in January 2020. Suppl. App. 41–81.

Nevertheless, the administrative judge dismissed the appeal. App. 1–9. In so doing, the administrative judge only analyzed Ms. Johnson's IRA appeal without addressing the "involuntary retirement" claim that the administrative judge had previously identified. App. 1. The

---

[2]    Although Ms. Johnson referred to this document as her 2009 (sic) OSC complaint, a review of the URL submitted with her filings shows that it is a denial of reconsideration related to her EEOC complaint. Suppl. App. 67; EEOC Decision No. 0520120086 (Feb. 28, 2012), *available at* https://www.eeoc.gov/decisions/0520120086.txt.

administrative judge wrote that the Board has jurisdiction over an IRA appeal if two conditions are met. App. 3 (citing *Linder v. Dep't of Just.*, 122 M.S.P.R. 14, ¶ 6 (M.S.P.B. 2014)). First, the appellant must have exhausted all her administrative remedies before OSC. *Id.* Second, the appellant must non-frivolously allege (1) that she has made protected whistleblowing disclosures or engaged in such protected activity and (2) that those disclosures or protected activities were a contributing factor in the agency's decision to take or fail to take a personnel action. *Id.* The administrative judge concluded that only Ms. Johnson's 2008 OSC complaint constituted a protected disclosure. App. 5–6. The administrative judge then found that the Board lacked jurisdiction because Ms. Johnson failed to non-frivolously allege that the 2008 OSC complaint was a contributing factor to any of the alleged personnel actions that caused her negative experiences. App. 9.

Ms. Johnson appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II.    DISCUSSION

Ms. Johnson appeals the administrative judge's decision that the Board did not have jurisdiction. Our review is similarly limited to examining whether the Board has jurisdiction over Ms. Johnson's appeal—it is not for us to decide if judgment is properly entered in Ms. Johnson's favor.

"Whether the Board has jurisdiction over an appeal is a question of law we review de novo." *Hessami v. Merit Sys. Prot. Bd.*, 979 F.3d 1362, 1367 (Fed. Cir. 2020). In other words, we do not defer to the administrative judge's legal conclusions. By contrast, we review the Board's underlying factual findings for whether they are supported by substantial evidence. *Bryant v. Merit Sys. Prot. Bd.*, 878 F.3d 1320, 1325 (Fed. Cir. 2017).

## A. The IRA Appeal

We first turn to the administrative judge's conclusion that the Board lacks jurisdiction over Ms. Johnson's IRA appeal. We have explained that for an appellant to establish Board jurisdiction over an IRA appeal under 5 U.S.C. § 1221:

> [I]t suffices that an appellant exhaust his remedies before the Office of Special Counsel and present 'non-frivolous allegations' that (1) he made a protected disclosure under 5 U.S.C. §§ 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D) and that (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).

*Cahill v. Merit Sys. Prot. Bd.*, 821 F.3d 1370, 1373 (Fed. Cir. 2016) (citing 5 U.S.C. § 1221(e)(1)).

Like the administrative judge, we focus on whether Ms. Johnson's allegations are sufficient to show Board jurisdiction over her IRA appeal. We conclude that they are insufficient.

### 1. Protected Disclosure

The administrative judge concluded that only Ms. Johnson's 2008 OSC complaint is a protected disclosure that can form the basis for an IRA appeal. App. 5–6. Ms. Johnson now argues that her grievance could also constitute a protected disclosure because it was not filed with the EEOC. *See* Pet'r's Reply Br. 5. We disagree.

As noted, an IRA appellant must non-frivolously allege that she has made a protected disclosure under 5 U.S.C. §§ 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(e)(1). Section 1221(e)(1) does not refer to § 2302(b)(9)(A)(ii). Therefore, if an IRA appeal is based on § 2302(b)(9)(A)(ii)—*i.e.*, it is based on an appellant making a disclosure by "the exercise of any appeal, complaint, or

grievance right granted by any law, rule, or regulation . . . *other than* with regard to remedying a violation of" § 2302(b)(8)—then the Board does not have jurisdiction. In relevant part, § 2302(b)(8) prohibits an agency from taking or failing to take a personnel action with respect to an employee or applicant for employment for making a disclosure of "(i) any violation of any law, rule, or regulation[;] or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety . . . ." 5 U.S.C. § 2302(b)(8)(A).

Ms. Johnson's grievance was about how Ms. Freeman's allegedly threatening behavior was a "perceived . . . abuse of authority." Pet'r's Br. 7; Suppl. App. 34. Her grievance did not seek to remedy a situation where an agency took or failed to take a personnel action against an individual for disclosure of "(i) any violation of any law, rule, or regulation[;] or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety . . . ." 5 U.S.C. § 2302(b)(8). Here, Ms. Johnson filed a grievance "other than with regard to remedying a violation of" § 2302(b)(8). Because Ms. Johnson's grievance constituted a disclosure under § 2302(b)(9)(A)(ii), it cannot form the basis for Board jurisdiction under § 1221(e)(1).

Ms. Johnson seems to argue that her grievance is a protected disclosure under § 2302(b)(9)(A)(i) because she "did not file a formal grievance under the negotiated grievance procedure with" the EEOC. Pet'r's Reply Br. 5. This argument does not change the analysis. It does not matter that Ms. Johnson did not file her grievance with the EEOC— § 2302(b)(9)(A)(ii) extends to "*any* . . . grievance right granted by any law, rule, or regulation." 5 U.S.C. § 2302(b)(9)(A)(ii) (emphasis added).

### 2. Contributing Factor

Having concluded that Ms. Johnson's 2008 OSC complaint was her only protected disclosure, we must now

determine whether she has non-frivolously alleged that "the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Cahill*, 821 F.3d at 1373. In so doing, our inquiry, like the Board's, is "limited to evaluating whether the appellant has alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami*, 979 F.3d at 1364.

One way of establishing that a disclosure was a "contributing factor" is with the "knowledge/timing" test under § 1221(e)(1). *Kewley v. Dep't of Health & Hum. Servs.*, 153 F.3d 1357, 1361–62 (Fed. Cir. 1998). To meet this test, an appellant must present evidence that "(A) the official taking the personnel action knew of the disclosure or protected activity; and (B) the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or protected activity was a contributing factor in the personnel action." 5 U.S.C. § 1221(e)(1). The administrative judge held that Ms. Johnson's allegations were insufficient to satisfy either prong of the test. App. 6–7. Specifically, the administrative judge (1) concluded that Ms. Johnson did not allege that the agency personnel involved in the alleged retaliation were aware of her 2008 OSC complaint and (2) noted that each allegedly retaliatory action occurred "way beyond" the period that would satisfy the knowledge/timing test. *Id.* at 7.

We agree with the administrative judge that Ms. Johnson's allegations fail the knowledge/timing test. Ms. Johnson does not challenge the administrative judge's finding that the relevant personnel actions were remote in time from the 2008 OSC complaint. Pet'r's Reply Br. 9. And we agree that, because each relevant action occurred about a decade after Ms. Johnson filed that complaint, substantial evidence supports the administrative judge's finding that a reasonable person would not "conclude that the disclosure or protected activity was a contributing factor" to the relevant actions. 5 U.S.C. § 1221(e)(1). Accordingly, Ms.

Johnson fails to meet the requirements of the knowledge/timing test.

Even if Ms. Johnson seeks to show that the 2008 OSC complaint was a "contributing factor" without relying on the knowledge/timing test, she must still make non-frivolous allegations. Specifically, Ms. Johnson must make non-frivolous allegations that "the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action." *Cahill*, 821 F.3d at 1373. Such non-frivolous allegations might address, for example, the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at Mr. Lake, and whether Mr. Lake had a desire or motive to retaliate against Ms. Johnson. Among other things, a non-frivolous allegation must be more than conclusory; in other words, it must consist of more than a general assertion of what Ms. Johnson must show. *See* 5 C.F.R. § 1201.4(s).

We agree with the administrative judge that Ms. Johnson has not made such non-frivolous allegations. *See* App. 6–9. Ms. Johnson alleges that Mr. Lake was aware of the complaint and "delegate[d] the retaliation" to Tonya Freeman, Tameka Jones, and unnamed human resources personnel. Suppl. App. 56; *see* Pet'r's Reply Br. 9. But this allegation is conclusory—Ms. Johnson does not explain why or how Mr. Lake would have delegated retaliatory actions to those individuals.

Ms. Johnson also submitted to the administrative judge an email showing that Mr. Lake denied Ms. Johnson her requested reassignment. Suppl. App. 60. As the Board notes, we could read this email as an allegation that Mr. Lake denied Ms. Johnson's requested reassignment as a form of retaliation. *See* Suppl. App. 7–8; Resp't's Br. 23–24. But even if we were to so construe this email, there is no explanation of whether or why Mr. Lake would be motivated to take this action as a form of retaliation. Because

Ms. Johnson only makes conclusory allegations that the 2008 OSC complaint was a contributing factor to any alleged retaliation, she has failed to put forward non-frivolous allegations sufficient to show Board jurisdiction over her IRA appeal. Accordingly, we affirm the administrative judge's dismissal of Ms. Johnson's IRA appeal.

## B. The "Involuntary Retirement" Claim

In addition to her IRA appeal, Ms. Johnson also alleged that she involuntarily retired and that amounted to constructive removal. *See* Suppl. App. 17 (Ms. Johnson writing "no choice but to retire" on MSPB appeal form); App. 53 (Board order on jurisdiction stating that Ms. Johnson "claims an involuntary retirement or resignation"); Suppl. App. 50 (Ms. Johnson's submission of proof of jurisdiction with respect to "involuntary retirement"). Ms. Johnson now argues that the administrative judge "has not identified if [the Board] has jurisdiction over the claim of constructive removal/involuntary retirement." Pet'r's Reply Br. 8; *see also* Pet'r's Br. 5, 12–13. We agree.

Employee removal actions are appealable to the Board. *Rosario-Fabregas v. Merit Sys. Prot. Bd.*, 833 F.3d 1342, 1345 (Fed. Cir. 2016); *see* 5 U.S.C. §§ 7512, 7513(a), (d), 7701(a). By contrast, a "decision to resign or retire is presumed to be voluntary," and an "employee who voluntarily resigns or retires has no right to appeal to the MSPB." *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1340–41 (Fed. Cir. 2001). But "the Board has jurisdiction 'if the employee proves, by a preponderance of the evidence, that his or her action was involuntary and thus tantamount to a forced enumerated adverse action.'" *Rosario-Fabregas*, 833 F.3d at 1345–46 (brackets omitted) (quoting *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc)). Parties have alleged involuntariness in many ways, such as by showing agency threats of adverse action, agency misinformation and deception, and the creation of intolerable working conditions. *Garcia*, 437 F.3d at 1328

(collecting cases).  In short, there is a body of precedent about constructive termination claims.

The administrative judge's decision does not engage with this precedent or Ms. Johnson's claim.  *See generally* App. 1–9.  In its brief, the Board fails to explain how the administrative judge addressed Ms. Johnson's constructive termination claim.  Rather, the Board suggests that Ms. Johnson's constructive termination was but another adverse personnel decision that is part of her IRA appeal.  *See* Resp't's Br. 20 n.8.  This argument, like the administrative judge's decision, does not engage with whether Ms. Johnson has non-frivolously alleged a claim for constructive termination over which the Board has jurisdiction.

We decline to determine in the first instance whether the Board has jurisdiction over Ms. Johnson's constructive termination claim.  We have held that "the MSPB's jurisdiction and the merits of an alleged involuntary separation are 'inextricably intertwined'" such that once "it is established that a resignation or retirement is involuntary, the MSPB not only has jurisdiction, 'but also the employee wins on the merits and is entitled to reinstatement.'" *Shoaf*, 260 F.3d at 1341 (quoting *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987)).  We do not have the views of the administrative judge or the Board.  We will not decide such an issue for the first time on appeal.  Therefore, we vacate the administrative judge's dismissal of Ms. Johnson's appeal as to her constructive termination claim and remand to the administrative judge to consider this claim.[3]

---

[3]    It appears that Ms. Johnson believes that she has alleged other claims too.  *See, e.g.*, Pet'r's Br. 17–18 ("The Obstructing Competition (5 U.S.C. [§ ]2302(b)(4)[)] is a Prohibited Personnel Practice.  This PPP should be treated as a separate claim . . . .");  Pet'r's Reply Br. 7 ("For the intent of   clarity,   the   appellant   claimed   reprisal,

C.  Ms. Johnson's Motion

Finally, we address Ms. Johnson's motion seeking (1) partial summary judgment on her claim for "economic loss due to agency error on application for immediate retirement" and (2) sanctions against the Board for publishing personally identifiable information.  ECF No. 27 at 1.

We deny Ms. Johnson's motion for partial summary judgment because the scope of our review is limited to the conclusions of the administrative judge's decision.  If Ms. Johnson believes that she has stated a claim that entitles her to judgment, then that is an issue to put before the administrative judge first.  *See James v. Fed. Energy Regul. Comm'n*, 755 F.2d 154, 155–56 (Fed. Cir. 1985) ("A party will, of course, not generally be heard on any issues raised for the first time on appeal.").

We also deny Ms. Johnson's motion for sanctions.  Ms. Johnson asks us to sanction HHS for allegedly publishing personally identifiable information in its filings during Board proceedings.  ECF No. 27 at 3.  As Ms. Johnson's complaints are directed to HHS's conduct before the administrative judge and implicate the Board's rules about redaction of personally identifiable information, the administrative judge is best positioned to determine if sanctions are warranted.  *Accord Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461, 1468 (Fed. Cir. 1997) ("The trial judge is better able to assess the conduct of parties appearing before it than is this court.").

---

constructive/involuntary retirement, PPPs, promotion denials, and other adverse actions to the OSC and on her IRA.").  We express no opinion on whether Ms. Johnson has alleged such claims and leave it for the administrative judge to determine if it is proper to dismiss each of Ms. Johnson's claims.

## III.    CONCLUSION

Accordingly, we *affirm-in-part* and *vacate-in-part* the decision of the administrative judge. We *remand* for further proceedings consistent with this opinion.

**AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED**

### COSTS

Costs to Appellant.