NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANDREW M. KOLENC,**
*Petitioner*

**v.**

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent*

---

2023-1808

---

Petition for review of the Merit Systems Protection Board in No. DE-0752-14-0488-I-1.

---

Decided: January 3, 2024

---

ANDREW KOLENC, Lakewood, CO, pro se.

STEPHANIE FLEMING, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY.

---

Before LOURIE, STOLL, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Andrew Kolenc appeals from a final decision of the Merit Systems Protection Board affirming the Department of Health and Human Services' decision to remove Mr. Kolenc from his position as Consumer Safety Officer. *Kolenc v. Dep't of Health & Hum. Servs.*, No. DE-0752-14-0488-I-1, 2023 WL 2213176 (M.S.P.B. Feb. 24, 2023) ("*Board Decision*"). For the reasons discussed below, we affirm.

## BACKGROUND

Mr. Kolenc was employed as a Consumer Safety Officer (CSO) in the Department of Health and Human Services' Food and Drug Administration (FDA) Office of Regulatory Affairs in the Denver, Colorado metropolitan area, investigating foreign imports coming into the Denver International Airport (DIA or "airport"). He was the only CSO at his post and had no direct on-site supervision. As a part of his position, he was assigned a government-owned vehicle to help him perform his duties. Mr. Kolenc's office was initially at the Denver Federal Center (DFC), which was approximately 2.5 miles from his home. Later, the FDA relocated his office to a location near the airport, approximately 27 miles from his home. Despite the relocation, Mr. Kolenc continued to park his government-owned vehicle at the DFC and used the government-owned vehicle to commute from the DFC to the airport.

In 2011, Mr. Kolenc's supervisor was unable to reach Mr. Kolenc during his normal duty hours and subsequently, the agency initiated an Office of Internal Affairs (OIA) investigation to determine whether Mr. Kolenc was reporting to his office during his work hours. OIA installed a GPS tracking device on Mr. Kolenc's government-owned vehicle and a video surveillance camera in Mr. Kolenc's office. Based on the results of the investigation, the agency removed Mr. Kolenc from his position. Mr. Kolenc appealed to the Merit Systems Protection Board and the administrative judge (AJ) issued an initial decision finding

that the agency's deciding official improperly considered ex parte evidence and thus reversed the removal based on due process grounds. *Kolenc v. Dep't of Health & Hum. Servs.*, No. DE-0752-12-0092-I-1, 2012 MSPB LEXIS 4371, at *7–9 (July 13, 2012). The agency petitioned for review by the Board, which then issued a final decision affirming the initial decision. *Kolenc v. Dep't of Health & Hum. Servs.*, 2013 M.S.P.B. 70 (Sept. 11, 2013).

About four months following the Board's final decision, on January 9, 2014, the agency again proposed Mr. Kolenc's removal based on four charges: (1) misuse of the government-owned vehicle for purposes other than official authorized uses; (2) failure to follow assigned tour of duty on 50 separate occasions, i.e., follow his fixed work schedule of 8:00 a.m. to 4:30 p.m., Monday through Friday; (3) unauthorized absences (AWOL) on five occasions; and (4) submission of inaccurate time and attendance records on the five dates for which it found him to be AWOL. The agency sustained the charges and Mr. Kolenc was effectively removed from his position on June 20, 2014. Mr. Kolenc again appealed his removal to the Board.

In an initial decision, the AJ affirmed the agency's removal of Mr. Kolenc. *Kolenc v. Dep't of Health & Hum. Servs.*, No. DE-0752-14-0488-I-1, 2016 MSPB LEXIS 3616, at *1 (June 20, 2016) ("*Initial Decision*"). The AJ found the agency had proved all charges by a preponderance of evidence, established a sufficient nexus between the charges and the efficiency of the service, and demonstrated that removal was a reasonable penalty. The AJ also found that Mr. Kolenc failed to prove by preponderant evidence his affirmative defenses that the agency's action (1) violated his due process rights; (2) was a result of reprisal for his prior Board appeal and grievances he filed against the agency; and (3) was stale under the doctrine of laches. Mr. Kolenc appealed to the Board, raising only two issues. Specifically, Mr. Kolenc argued that the AJ erred in his analysis of Mr. Kolenc's affirmative defenses based on due process

and laches.  The Board denied Mr. Kolenc's petition for review and affirmed the initial decision.  *Board Decision*, 2023 WL 2213176, at \*1.

Mr. Kolenc appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our role in reviewing Board decisions is limited, particularly when reviewing the fact findings of the AJ.  We must affirm a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).

We start with the government's assertion of waiver or forfeiture.  Mr. Kolenc raises many issues on appeal.  The government argues that many of these issues are waived because Mr. Kolenc did not raise them in his petition for review to the Board.  When addressing this same situation previously, however, our court has held that when an appellant has raised an issue before an AJ but not in a petition for review to the full Board, the issue is preserved for review by this court unless the appellant has expressly abandoned or waived the issue.  *See Bosley v. Merit Sys. Protection Bd.*, 162 F.3d 665, 668–69 (Fed. Cir. 1998); *see also James v. Fed. Energy Reg. Comm'n*, 755 F.2d 154, 155–56 (Fed. Cir. 1985).  For example, in *Lizut v. Department of the Army*, the employee raised certain contentions before the AJ, but expressly abandoned those contentions in his response to the agency's petition for review to the Board, stating that the initial decision included "no erroneous interpretation of statute, regulation, or prior case law." 717 F.2d 1391, 1395–96 (Fed. Cir. 1986).  Here, because Mr. Kolenc did not expressly abandon or waive any issues in his petition, we will consider the issues that he raises on appeal so long as they were also raised before the AJ.

Turning to the charge of misuse of the government-owned vehicle, Mr. Kolenc argues that the AJ improperly credited his supervisor's testimony that he notified Mr. Kolenc that the government-owned vehicle must be parked at the DIA location and cannot be used for commuting. It is not, however, our role as an appellate court to second guess the AJ's credibility determinations. *See King v. Dep't of Health & Hum. Servs.*, 133 F.3d 1450, 1453 (Fed. Cir. 1998) ("We note that an evaluation of witness credibility is within the discretion of the Board and that, in general, such evaluations are 'virtually unreviewable' on appeal.") (quoting *Clark v. Dep't of the Army*, 997 F.2d 1466, 1473 (Fed. Cir. 1993)).

We are also not persuaded by Mr. Kolenc's argument that the AJ erred in not requiring the agency to prove that his misuse of the government-owned vehicle was willful under 31 U.S.C. § 1349(b). While the proposed removal letter mentioned § 1349(b), referring to willful misuse, Mr. Kolenc does not contest the AJ's finding that the agency only charged Mr. Kolenc with a lesser charge of misuse of the government-owned vehicle, rather than willful misuse under § 1349(b). Thus, the AJ did not err in finding that he "[did] not need to determine whether the agency established the appellant's willful use of a [government-owned vehicle]" under the statute. *Initial Decision*, 2016 MSPB LEXIS 3616, at *8–9.

Mr. Kolenc also argues that the AJ erred in not finding that his removal was in retaliation for three prior union grievances he filed related to an unfair suspension, 2010 performance appraisal, and work schedule request denials, as well as a survey he created for employees to note their issues with management. We see no error in the AJ's finding that Mr. Kolenc "failed to prove by preponderant evidence that he was retaliated against for engaging in protected activity." *Initial Decision*, 2016 MSPB LEXIS 3616, at *32–33. We will not question the AJ's credibility determinations, including that "the proposing official

credibly testified that she initiated the OIA investigation solely because of concerns related to the appellant's time and attendance, and that the appellant's grievances played no part in her decision-making process." *Id.* at 32. Accordingly, we find that substantial evidence (including the testimony of the proposing official, as well as that of the deciding official) supports the AJ's finding that Mr. Kolenc failed to establish that he was retaliated against for engaging in protected activity. *See* 5 U.S.C. § 1221(e)(2).

Mr. Kolenc further contends that the agency erred by failing to consider *Douglas* factor 11 (mitigating circumstances). However, substantial evidence supports the AJ's finding that the deciding official considered all the relevant *Douglas* factors, including mitigating factors. Specifically, the AJ pointed to the deciding official's testimony that he "considered the appellant's work record, lack of prior discipline and the lack of notoriety as mitigating factors . . . [but] [i]n his opinion, these mitigating factors were not compelling." *Initial Decision*, 2016 MSPB LEXIS 3616, at *39–40.

Mr. Kolenc also alleges that the AJ was biased against him because the AJ was on the first removal case and stated that absent the due process violation, he would have sustained the agency's decision. But our case law holds that allegations of bias cannot succeed unless the AJ's conduct demonstrates "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1362 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Mr. Kolenc has not shown how the AJ's statement is evidence of deep-seated favoritism or antagonism, and thus he has not satisfied the high standard set out in *Bieber*.

Mr. Kolenc also raises two due process arguments. First, he argues that the deciding official, by relying on *Douglas* factors not included in the proposed removal letter, considered new and material information through ex

parte communications. To the extent that there is any ex parte communication here, we find substantial evidence support for the Board's finding that the "deciding official did not consider any new or previously unavailable information." *Board Decision*, 2023 WL 2213176, at *4. Specifically, the Board found credible the deciding official's testimony that the information he relied on in analyzing the additional *Douglas* factors was consistent with the statements already provided to Mr. Kolenc in the proposed removal letter. Accordingly, we affirm the Board's determination that there was no due process violation.

Second, Mr. Kolenc contends that there was a due process violation because the agency took his personal diary and did not return it. However, Mr. Kolenc did not raise this issue to the AJ and thus, this argument is forfeited. *See Bosley*, 162 F.3d at 668 ("A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court.").

We have considered Mr. Kolenc's remaining arguments and find them unpersuasive. For the above reasons, we affirm the decision of the Board.

**AFFIRMED**

Costs

No costs.