NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN K. WEBB,**

*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**

*Respondent*

---

2024-2109

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-16-0540-I-1.

---

Decided:  July 10, 2025

---

JOHN K. WEBB, Pensacola, FL, pro se.

KYLE SHANE BECKRICH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before MOORE, *Chief Judge*, STOLL, *Circuit Judge*, and BUMB, *Chief District Judge*.[1]

PER CURIAM.

John Webb petitions for review of a decision from the Merit Systems Protection Board (Board) affirming the Department of the Air Force's (Air Force) decision to remove him from his position after his security clearance was revoked. For the following reasons, we *affirm*.

## BACKGROUND

Mr. Webb worked for the Air Force as a civilian computer scientist, a position requiring him to maintain a security clearance. S. Appx. 30.[2] During his employment, the government revoked Mr. Webb's security clearance due to concerns regarding his trustworthiness, reliability, and judgment. *Id.* at 31. The Air Force then served Mr. Webb with a Notice of Proposed Removal (Proposal) from his position for failing to maintain his security clearance. *Id.* at 31–32. The Proposal stipulated: (1) the removal, if sustained, would be effective no earlier than thirty-one calendar days from the day he received the notice; (2) a final decision had not been made; (3) he had twenty calendar days to provide a response; and, (4) he had a right to a representative of his choice. *Id.* Over two months after serving the Proposal, and after allowing Mr. Webb time to provide additional information, the Air Force removed him from his position. *Id.* at 32. Mr. Webb appealed the removal to the Board, which affirmed. S. Appx. 1–7.

---

[1]    Honorable Renée Marie Bumb, Chief Judge, United States District Judge for the District of New Jersey, sitting by designation.

[2]    "S. Appx." refers to the supplemental appendix attached to Respondent's Informal Brief.

Mr. Webb petitions this court for review.  We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review of an appeal from a Board decision is limited.  We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5. U.S.C. § 7703(c).

On appeal, Mr. Webb argues his removal was improper because (1) he should have been given guidance earlier in the process to have union representation; (2) the deciding official had a conflict of interest, which caused her to sabotage his employment for personal gain, and she falsified a report; and, (3) he should be entitled to a monthly annuity following his removal.  Petitioner's Informal Br. 4–9.  Because Mr. Webb did not raise these arguments before the Board, they are waived.  *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998).  Even if not waived, Mr. Webb's arguments fail to show any error in the Board's decision that falls within the scope of our limited review.

Our review of an adverse action stemming from revocation of a security clearance is limited to (1) whether the security clearance was revoked; (2) whether the security clearance was a requisite of the employee's position; and (3) whether the procedures of 5 U.S.C. § 7513 were followed.  *Hornseth v. Dep't of the Navy*, 916 F.3d 1369, 1373–74 (Fed. Cir. 2019).  Under 5 U.S.C. § 7513(b), an employee is entitled to procedural protections including: (1) at least thirty days' advance written notice identifying the specific reasons for the action; (2) a reasonable time not less than seven days to answer the allegations and to provide evidence in support; (3) a legal representative; and, (4) a written decision with specific reasons explaining the action taken.  5 U.S.C. § 7513(b).  While the Board may also

review whether an agency complied with its internal procedures in revoking a security clearance, it cannot review the substance of the decision. *Romero v. Dep't of Def.*, 527 F.3d 1324, 1328–29 (Fed. Cir. 2008).

Here, the Board found the undisputed evidence showed that the Air Force revoked Mr. Webb's security clearance, Mr. Webb's position required a security clearance, and the Air Force followed the procedures set forth in 5 U.S.C. § 7513, as well as its own internal procedures. S. Appx. 16. "[I]t provided [Mr. Webb] at least 30 days' advance written notice of the proposed action, afforded [him] a reasonable time, but not less than 7 days, to submit an answer, advised him that he had the right to be represented by a representative of his choice, and provided him with a written decision explaining the agency's reasons for its decision to remove him." *Id.* Mr. Webb does not challenge any of these findings on appeal, which are supported by substantial evidence. Mr. Webb therefore fails to show any reversible error in the Board's decision.

## CONCLUSION

We have considered Mr. Webb's remaining arguments and find them unpersuasive. Accordingly, we *affirm*.

**AFFIRMED**

### COSTS

No costs.