NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELLIS R. STANLEY,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

---

2022-2110

---

Petition for review of the Merit Systems Protection Board in No. DE-0752-20-0362-I-1.

---

Decided: December 22, 2023

---

ELLIS R. STANLEY, Colorado Springs, CO, pro se.

ROBERT C. BIGLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, STOLL and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Mr. Ellis R. Stanley requests review of a Merit Systems Protection Board ("Board") decision affirming the Department of Justice's removal of Mr. Stanley for misconduct from his position of Correctional Treatment Specialist (Case Manager) GS-0101-11, in the Bureau of Prisons. *Stanley v. Dep't of Just.*, No. DE-0752-20-0362-I-1, 2022 WL 2297101 (M.S.P.B. June 21, 2022) ("*Decision*") (Resp't's App. 5–25).[1]  We *affirm*.

## I. BACKGROUND

Prior to his removal, Mr. Stanley served as a Correctional Treatment Specialist stationed at the Federal Correctional Facility Florence ("FCC Florence"), Bureau of Prisons, in Florence, Colorado. *Decision* at 2.  He had over fifteen years of federal service and no record of discipline prior to the events leading to his removal.  *Id.*

On July 15, 2019, Mr. Stanley's supervisor gave him notice of his proposed removal from his position based on three charges:  (1) "appearance of an inappropriate relationship with an inmate," (2) "giving or offering an unauthorized article or favor to any inmate," and (3) "failure to immediately report inmate misconduct."  *Decision* at 2; Resp't's App. 40, 48–50.  Each charge was a violation of the Federal Bureau of Prisons' Program Statement No. 3420.11, Standards of Employee Conduct.  *See* Resp't's App. 26–33.  The charges relate to an investigation into events that occurred in 2018.  *See id.* at 40.  After Mr. Stanley submitted written and oral responses to the notice of his proposed removal, FCC Florence Warden Eric Williams

---

[1]   Because the reported version of the Board's decision is not paginated, citations in this opinion are to the version of the Board's decision included in the Respondent's Appendix.  For example, *Decision* at 1 is found at Respondent's Appendix 5.

issued a decision affirming all three charges and the penalty of removal. *Decision* at 2; Resp't's App. 52–53. Mr. Stanley was removed from his position on September 6, 2019. Resp't's App. 53.

Mr. Stanley appealed to the Board, which sustained the agency's charges and affirmed the removal action. *Decision* at 2. In its decision, the Board addressed each of the misconduct charges, finding the agency proved each by a preponderance of the evidence. *See id.* at 5 (sustaining charge one); *id.* at 7 (sustaining charge two); *id.* at 8 (sustaining charge three). The Board concluded that the agency had established the requisite nexus between the disciplinary action taken and promoting the efficiency of service. *Id.* at 11. Finally, the Board found removal was justified under the circumstances, noting Warden Williams had considered aggravating and mitigating factors in reaching his decision that removal was the appropriate penalty. *Id.* at 12–13.

The Board considered Mr. Stanley's argument that "the agency committed harmful [procedural] error by (1) failing to conduct a timely, fair, and impartial investigation into the allegations forming the basis of his removal and (2) failing to timely conduct an investigation and disciplinary process." *Id.* at 8. As to the first alleged error, the Board found that Mr. Stanley "failed to identify with any specificity as to why the investigation was unfair or inappropriate." *Id.* at 9. As to the second alleged error, the Board found that Mr. Stanley did not provide credible evidence that any delay in the investigation was harmful and would have caused the agency to reach a different outcome. *Id.* The Board thus rejected both challenges and found that Mr. Stanley failed to meet his burden of proving harmful error.

The Board then turned to Mr. Stanley's affirmative defenses of discrimination based upon race, sex, disability, and reprisal. *Id.* at 10. Here, the Board determined that Mr. Stanley failed to meet his burden to prove

discrimination by a preponderance of the evidence, finding that he submitted no credible evidence to support his allegations. *Id.*

The Board's decision became final on July 26, 2022. *See id.* at 13. Mr. Stanley now appeals from the final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

We set aside a Board decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Standley v. Dep't of Energy*, 26 F.4th 937, 942 (Fed. Cir. 2022), *cert. denied*, 142 S. Ct. 2873 (2022). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Standley*, 26 F.4th at 942 (citation omitted).

Mr. Stanley raises several arguments on appeal. First, he argues that the agency failed to conduct a timely investigation in violation of agency policy. *See* Pet'r's Br. 2–3. Second, he asserts that his removal was retaliation for complaints he filed with the Equal Employment Opportunity Commission. *See* Pet'r's Reply Br. 8–9. Lastly, he argues he was double-disciplined because he was reassigned before his removal. *Id.* at 9–10. We address each argument in turn.

## A. Procedural Error

On appeal, Mr. Stanley again argues that the agency committed a harmful procedural error by failing to conduct its investigation within the time limit established by a "mandatory personnel policy." *See* Pet'r's Br. 2. Specifically, he argues that the agency was required to complete its investigation within ninety days, and the agency failed to do so. *See id.* The government responds that there is no evidence in the record of any such mandatory deadline.

Resp't's Br. 20. Regardless, Mr. Stanley's argument still falls short because he does not demonstrate that any such error was harmful.

The Board may not sustain an agency's decision if the employee "shows harmful error in the application of the agency's procedures in arriving at such [a] decision." *Cornelius v. Nutt*, 472 U.S. 648, 650 (1985) (citing 5 U.S.C. § 7701(c)(2)(A)). An employee must prove that any procedural error was harmful. *See* 5 C.F.R. § 1201.56(c)(1). Such an error is harmful if it "is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error." *Id.* § 1201.4(r); *see Villareal v. Bureau of Prisons*, 901 F.3d 1361, 1364 (Fed. Cir. 2018). In Mr. Stanley's case, the Board found that Mr. Stanley "failed to provide any credible evidence" that any delay had a "harmful effect upon the outcome of the case" or was "likely to have caused the agency to reach a [different] conclusion." *Decision* at 9.

On appeal, Mr. Stanley fails to identify any evidence in the record that a procedure was not followed that would have changed the outcome or that the Board's decision was not supported by substantial evidence. *See* Pet'r's Br. 2; Pet'r's Reply Br. 1–2, 5–6; Pet'r's Mem. in Lieu of Oral Arg. 1. Furthermore, the charges were supported by Mr. Stanley's own affidavits admitting to the conduct for which he was charged. *See Decision* at 5–8; Resp't's App. 40–42 (September 2018 affidavit); *id.* at 45–47 (October 2018 affidavit). The Board's finding that Mr. Stanley failed to meet his burden to prove harmful error is supported by the record, and there is no procedural error that would provide a basis for reversing or vacating the Board's decision.

### B. Additional Arguments

Although Mr. Stanley identifies only the alleged procedural error in his opening brief, *see* Pet'r's Br. 2–3, he raises additional arguments in his subsequent briefing before this court.

Mr. Stanley indicates that his removal was retaliation for complaints he has filed with the Equal Employment Opportunity Commission. *See* Pet'r's Reply Br. 8–9; Pet. Mem. in Lieu of Oral Arg. 2. We lack jurisdiction to review "mixed cases" in which an employee alleges an adverse action was due, at least in part, to violation of federal anti-discrimination laws. *See Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017). However, Mr. Stanley waived this argument in order to proceed with his appeal in this court. Pet'r's Answer to Mot. to Dismiss 1; *see also* Oct. 24, 2022 Order 1–2 ("Mr. Stanley now states that he 'would like to waive the discrimination claim in order to continue with [his] appeal.'" (citing *id.*)). As directed by the Oct. 24, 2022 Order, Mr. Stanley filed the corrected Federal Circuit form and opening brief abandoning his discrimination claims. *See* Federal Circuit Form 10 (agreeing to "abandon . . . discrimination claims"); Pet'r's Br. 2–3 (asserting only the violation of a "mandatory personnel policy"). "[A] petitioner's explicit waiver of [his] discrimination claims in such a [mixed] case effectively converts the case to a standard appeal of the adverse personnel action—providing this court with jurisdiction to review the Board's decision (without considering any discrimination claims)." *Harris v. SEC*, 972 F.3d 1307, 1318 (Fed. Cir. 2020). To retain jurisdiction over this appeal, "we will hold [Mr. Stanley] to [his] formal waiver of any discrimination or retaliation claims decided by the MSPB." *Id.* at 1319.

Mr. Stanley also argues he is "a victim of Double Jeopardy, Excessive Discipline, [and] Constructive Termination." Pet'r's Mem. in Lieu of Oral Arg. 2. These arguments are premised on his assertion that during the investigation prior to his removal, he was "taken off [his] official job as a case manager and reassigned to sitting at the control room desk with no ability to do any work." *Id.* He argues that this reassignment constituted disciplinary punishment rising to the level of constructive termination, and that his

formal termination therefore constituted a second disciplinary punishment for the same conduct. *Id.*

Mr. Stanley forfeited these arguments by failing to raise them before the administrative judge.[2] *See Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998) ("A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court."). However, because Mr. Stanley appears pro se, we may hold his filings "to a lesser standard" and "be less stringent in requiring that issue[s] have been raised explicitly below." *Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed. Cir. 2002) (en banc), *superseded on other grounds by* Pub. L. No. 107–330, § 402(a), 116 Stat. 2820, 2832 (2002). Even if we were to consider Mr. Stanley's arguments, they also fail on the merits because there is no indication this initial measure was punitive. "Agencies often take steps, including reassignment, to solve problems created by employees," and "reassignment without a reduction in grade or pay is not [punitive]." *Villareal*, 901 F.3d at 1365. Mr. Stanley does not allege that he was demoted or that his pay was reduced. Accordingly, Mr. Stanley's arguments are unavailing.

## CONCLUSION

We have considered Mr. Stanley's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the Board's final decision.

## **AFFIRMED**

### COSTS

No costs.

---

2    These arguments are also forfeited because they were not raised in the opening brief. *See McIntosh v. Dep't of Def.*, 53 F.4th 630, 641 (Fed. Cir. 2022).